Louis C. WHITE, Defendant below,
Appellant,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted June 13, 1975.

Decided Sept. 12, 1975.

On Rehearing Dec. 5, 1975.

Stephen B. Potter and James F. Harker, Wilmington, for defendant below, appellant.

James X. Denny, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant appeals from conviction of Class A felony-rape [1] on the ground, *inter alia*, that he was denied procedural due process of law by the lack of adequate notification of arraignment and trial.

Although indicted for Class B felony-rape,[2] defendant subsequently was reindicted for Class A felony-rape.[3] Notice of the State's intent to proceed under the second, more serious indictment was not given until the day of trial after the jury was sworn. Despite his objection, defendant was arraigned under the later charge and trial proceeded forthwith before the same jury. The defendant was not to blame for this extraordinary situation, as the prosecuting attorney admitted to the Trial Judge:

> "* * * I don't know why a * * * warrant was not returned. I assume it wasn't. I don't know why a * * * summons did not issue. I don't know why an arraignment, apparently, was not had. It's an unfortunate, I guess, part of the bureaucracy."

The Trial Judge, too, was uncertain on the day of trial as to which indictment defendant was to be tried on.

> "* * * I have taken the time * * * to examine the files, plural, a little more, and I'm at a bit of a loss here to know what's going on.
>
> * * * I do notice that the new, second indictment came down in December of 1973 and apparently from there on there were two separate files carried all along. * * * There's a lot of confusion, when I was putting both of these files together, as to which one—
>
> *   *   *   *   *   *
>
> * * * It's a confused state of things I will tell you."

Due process requires adequate notice to the accused as to the specific charge against him in order that he may make an adequately informed plea and have due opportunity to prepare his defense. *Demonia v. State*, Del.Supr., 210 A.2d 303 (1965). Clearly, the notice and opportunity required by due process of law was not afforded here.

The prosecution argues that defendant had notice that he was to be charged with rape by the earlier indictment and arraignment on the first charge; that this was sufficient to satisfy any due process objection because the additional elements contained in the later indictment merely constituted "aggravating circumstances", and not "essential elements" of rape; and further, that no objection was made to proceeding with arraignment and trial on the new indictment.

---

1. Delaware's statutory provision concerning rape, 11 Del.C. § 763, provides:

   "§ 763. Rape; class A felony; class B felony.

   "A male is guilty of rape when he intentionally engages in sexual intercourse with a female not his wife without her consent, or when he intentionally engages in sexual intercourse with a male without such male's consent.

   "Rape is a class B felony. If in the course of the offense the defendant inflicts serious physical, mental, or emotional injury upon the victim, or if the victim was not the defendant's voluntary social companion on the occasion of the crime and had not previously

   permitted him sexual contact, the offense is a class A felony."

2. The first indictment charged that defendant "did intentionally engage in sexual intercourse with [victim] without her consent." A Class B felony carries with conviction a sentence from three to thirty years and such fine or other conditions as the Court in its discretion may determine. See 11 Del.C. § 4205(b)(2).

3. The second indictment charged that the victim was not defendant's "voluntary social companion on the occasion of the crime and had not previously permitted him sexual contact." Life imprisonment is the consequence of conviction of a Class A felony. See 11 Del.C. § 4205(b)(1).

■ Although the second indictment was returned long before trial commenced, it was defendant's justifiable assumption that the State had elected to proceed to trial upon the initial charge. Correspondence immediately before trial from both the State and the Superior Court referred to the earlier indictment only, and no arraignment on the second indictment had taken place when the jury was sworn. Under these circumstances, substitution of the new indictment, substantially different from the one defendant had prepared to defend against, denied the notice of arraignment and trial required by due process.[4]

■ We find untenable the State's contention that the second indictment merely contained "aggravating circumstances", and not "essential elements" of a different rape offense. To convict of Class A felony-rape under § 763, the State must prove beyond a reasonable doubt not only the specified elements of Class B felony-rape, but also two additional elements: (1) the fact that the victim and defendant were not voluntary social companions on the date of the offense; and (2) that the victim had not previously consented to sexual contact with defendant. Because a different, more serious offense is charged in an indictment alleging these additional circumstances, they are essential elements of Class A felony-rape under the Statute, and may not be treated as mere "aggravating circumstances" of the Class B felony.[5]

It may not be said that the defendant suffered no prejudice when, on the very day trial commenced, he was notified for the first time that he must forthwith plead and defend against a more serious charge containing additional elements. Defense preparation, including pretrial discovery, was thus effectively precluded.

■ There is no merit to the State's contention that defendant made no effective objection to arraignment and trial on the second indictment. It is clear that defendant made sufficient objection when his counsel stated: "My request is to go forward on the [prior] indictment * * * if we're to proceed at all today."

Accordingly, we hold that defendant's arraignment and trial on the second indictment, without notice thereof prior to appearance for trial, was a violation of procedural due process and prejudicial error as to the Class A felony conviction.

■ However, under § 763 Class B felony-rape is a lesser-included offense within the Class A felony charge; and it appears clearly that the evidence supports conviction of the lesser offense.

Other arguments by defendant relating to the first indictment, the competency of the victim to testify, and his knowledge of her condition, have been considered and found without merit.

The judgment below is reversed, with instructions to enter conviction and sentence for Class B felony-rape.

* * *

*Upon Reargument*

Reargument was granted upon the defendant's contention that "the power to reverse and direct the entry of a judgment of conviction of a lesser included offense was improperly exercised by the Supreme Court in the case at bar, in that the conviction was tainted by prejudicial errors at trial which contributed to the conviction".

---

4. *Cf. Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) ; *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) ; *State v. Blendt*, Del. Super., 120 A.2d 321, 324 (1956).

5. The State's reliance upon *State v. Brown*, Del.Super., No. 1321 Cr.A.1973 (March 12, 1974) is unfounded. There the Court held merely that the additional circumstances necessary to charge rape as a Class A felony must be asserted in a new indictment, not by amendment to the previous charge of a Class B felony. The word "aggravation", as there used by the Court, was simply another term for Class A felony-rape.

The sole error found in this case was that the defendant was obliged to go to trial on the charge of Class A felony-rape rather than on the charge of Class B felony-rape, as expected.

The error found did not pertain to the lesser crime. After further consideration, we remain satisfied that this is a clear case in which no undue prejudice will result to the defendant by reason of modification of the judgment of conviction and reimposition of sentence for the lesser-included offense, as directed. See *Porter v. State*, Del. Supr., 243 A.2d 699 (1968); *Herhal v. State*, Del.Supr., 243 A.2d 703 (1968).