385 So.2d 248 (1980)
STATE of Louisiana
v.
Charles BYRD.
No. 66767.
Supreme Court of Louisiana.
June 23, 1980.
*249 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
Orleans Indigent Defender Program, Robert Barnard, New Orleans, for defendant-appellant.
LEMMON, Justice.
For attempting robbery with a toy pistol defendant was convicted of attempted armed robbery and sentenced to four years at hard labor, without benefit of parole, probation or suspension of sentence. The issue on appeal is whether the toy pistol, in the manner used under the circumstances of this case, constituted a dangerous weapon within the contemplation of R.S. 14:64 and 14:2(3).

I.
The facts are undisputed. Defendant ordered a single piece of fried chicken at the side window of a restaurant. When the employee rang up the sale on the cash register and asked for 57 cents, defendant produced a toy pistol from his pocket and held *250 it up in the air, demanding all of the money in the register. The employee stated there was no money, and defendant grabbed the piece of chicken and began to walk away. However, the employee grabbed the chicken back and closed the window on defendant, who then left the window.
Two policemen, who happened to observe the incident from across the street (and were not called by the employee), stopped defendant and searched him, finding the toy pistol.

II.
Numerous cases have developed the theory that the victim's potential reaction to an instrumentality not inherently dangerous can be considered by the jury in determining whether the instrumentality "in the manner used" is likely to produce great bodily harm and is therefore a "dangerous weapon".[1] Under that theory the pertinent inquiry here is whether defendant's use of the toy pistol created a life endangering situation, as in State v. Levi, 250 So.2d 751 (La.1971).
The undisputed facts in this record simply do not provide reasonable support for the apparent conclusion that the toy pistol in the manner used was likely to produce bodily harm. The actions of the victim and of the defendant refute the State's contention that the manner of use created the "highly charged" atmosphere described by the Court in State v. Levi, above. While defendant admitted he intended to rob the restaurant, he asserted he used the toy pistol so as not to hurt anyone. He did not threaten to harm, nor did he even refer to the toy pistol as a weapon. The victim testified that defendant did not point the toy pistol at him. Indeed, the victim's subjective reaction indicates he did not perceive any likelihood of great bodily harm.
This is not to say that a toy pistol can under no circumstances be used as to create a life endangering situation which supports a guilty verdict of armed robbery. But under the facts and circumstances of this case a reasonable trier of fact, viewing the evidence in the light most favorable to the prosecution, simply could not conclude that all elements of the offense of armed robbery have been proved beyond a reasonable doubt.[2]Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The result we reach is supported by an analysis of the criminal statutes relating to Misappropriation with Violence to the Person. The offense of simple robbery requires the use of force or intimidation by one not armed with a dangerous weapon, while the offense of armed robbery requires something additional in the way of dangerousness. The seriousness of that additional something is dramatically illustrated by comparison of available sentences. For simple robbery the maximum sentence is seven years (recently raised from five), with or without hard labor, and parole, probation and suspension of sentence are available. But for armed robbery the minimum sentence is five years at hard labor, without benefit of parole, probation or suspension of sentence. Clearly, the statutory scheme contemplates the more severe penalty is intended to deter the use of truly dangerous instrumentalities.[3] Imposition of the mandatory *251 sentence for offenses which do not involve dangerous weapons (and which are covered by other statutes and penalties) defeats the overall scheme and perhaps even encourages use of dangerous weapons.
We therefore set aside the conviction of armed robbery.

III.
Decision on the decree in this case poses a separate and rather difficult problem.
When the evidence does not support a conviction of the crime charged, the Court has generally remanded with instructions to discharge the defendant. See State v. Allien, 366 So.2d 1308 (La.1978). However, the discharge of the defendant is neither necessary or proper when the evidence does support a conviction on a lesser and included offense which was a legislatively authorized responsive verdict. See State v. Tillman, 356 So.2d 1376, n. 2 at 1379 (La.1978).
In this case all of the elements of the crime of attempted simple robbery necessarily have been proved beyond a reasonable doubt to the satisfaction of the trier of fact. The verdict of guilty of the greater offense explicitly reflects the finding that defendant attempted to commit the theft of something of value which was in within the immediate control of the victim.[4] See R.S. 14:64, 65, and 67.
Since all the elements of the lesser and included offense of attempted simple robbery have been proved beyond a reasonable doubt, this Court should not strike down all of those adequately supported findings merely because the evidence did not reasonably support the conclusion that an additional element also existed.
Past decisions of this Court can perhaps be construed to indicate a reluctance to order a judgment of conviction for a lesser and included offense. In State v. White, 315 So.2d 301 (La.1975) the jury returned a verdict of guilty of attempted theft, without specifying the value of the stolen property, when the indictment had charged attempted theft of property valued at more than $500. We held that the jury verdict could not stand because it failed to specify the property value and thus the degree of theft involved, but rather than render a verdict of guilty of misdemeanor theft (a verdict necessarily implicit in the finding that defendant at least attempted to steal something worth $100 or less), we sent the case back for retrial.
In City of Monroe v. French, 345 So.2d 23 (La.1977) we held that when the sole evidence supporting an essential element of the offense is ultimately determined on review to be inadmissible, the defendant should be retried on competent evidence rather than discharged.
We are not here constrained by this prior jurisprudence, nor do we need to overrule the decisions in White, French and other cases on this issue. In the White case the court was concerned that the jury's inadvertence in failing to specify the amount of the property value (when it should have done so in the verdict) should not preclude the state from getting a conviction on the crime charged in the indictment. We were not confronted with a situation in which the evidence was insufficient to support the verdict, but rather with one in which the court could not infer from the verdict the property value found by the jury. And in the French case we were concerned that the state, had the trial judge properly excluded the inadmissible evidence, might have had other evidence available which would have been admissible.
*252 However, when it is clear from the verdict that the trial judge or jury necessarily found the elements of a lesser and included offense had been proved beyond a reasonable doubt, and the state, constrained by the double jeopardy clause, cannot seek anew a conviction on the greater offense, a remand for a new trial would serve no useful purpose. See Joseph, Work of the Louisiana Appellate Court for the 1976-77 Term-Criminal Trial and Post-Conviction Procedures, 38 La.L.Rev. 533, 557 (1978).
Ordering entry of a judgment of guilty of the lesser and included offense of attempted simple robbery in the present case accords with the overwhelming treatment of this problem by other jurisdictions. See White v. State, 348 A.2d 688 (Del.1975); People v. Oliver, 38 Ill.App.3d 166, 347 N.E.2d 865 (1976) (Court Rule 615b3 provides that Supreme Court can reduce to lesser degree of offense); Commonwealth v. Vanderpool, 328 N.E.2d 823 (Mass.1975) (General Law C278 § 33E provides that the court has the power and duty to consider the whole case to determine if the verdict should be changed in the interest of justice); People v. Hoffmeister, 394 Mich. 155, 229 N.W.2d 305 (Mich.1975) ("It is proper to remand for entry of a judgment of conviction of the lesser included offense where the jury has returned a verdict of guilty of the higher charged offense upon evidence sufficient only to prove the lesser offense"); People v. Ford, 65 Cal.2d 41, 52 Cal.Rptr. 228, 416 P.2d 132 (1966) (Penal Code § 1181, subd. 6, gives the court specific powers to reduce degree of crime); State v. Eliason, 25 Ariz.App. 523, 544 P.2d 1124 (1976); and People v. Codding, 191 Colo. 168, 551 P.2d 192 (1976).
This procedure does not constitute interference with the function of the trial judge or jury in a criminal trial, but rather constitutes action in accordance with the findings of the trier of fact. Moreover, this procedure does not deprive defendant of his right to have a trial judge or jury decide on the proof of the elements of the lesser and included offense, but rather recognizes that the trier of fact has already made that decision. This procedure also does not subject defendant to double jeopardy, because there will be no new proceedings in which the state will be given an opportunity to relitigate his guilt. See U.S. v. Boyd, 566 F.2d 929 (5th Cir. 1978). Finally, this procedure is not contrary to the federal constitutional principle that a jury verdict must not stand if, when the evidence is viewed in the light most favorable to the prosecution, a rational jury could not have found the essential elements of the crime beyond a reasonable doubt.
To give effect to all competing considerations and constitutional principles the court must sometimes fashion a procedure not provided for or contemplated by the Code of Criminal Procedure or other statutory provisions. In such instances C.Cr.P. art. 3 dictates that the Court proceed in a manner consistent with the spirit of the Code and other applicable legislation. For an analogous situation to the procedure used here, see State v. Craig, 340 So.2d 191 (La.1976), in which the case was remanded for sentencing for simple rape after the death penalty for aggravated rape had been declared unconstitutional.
By remanding in this case for sentencing for the offense of attempted simple robbery, the court is proceeding in accordance with the spirit of the responsive verdict articles of the Code (C.Cr.P. arts. 814 and 815) and with the findings of the trier of fact. The supported conclusion that defendant attempted to commit a theft of something of value in the immediate control of the victim by use of force or intimidation is being given full effect.[5] The court's duty to enforce defendant's constitutional right only requires striking of the trial court's finding which is not adequately supported by the evidence.
Accordingly, the conviction of armed robbery and the sentence are set aside, and the matter is remanded to the trial court with instructions to enter a judgment of guilty *253 of attempted simple robbery and to sentence the defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED FOR ENTRY OF JUDGMENT OF GUILTY AND FOR SENTENCING.
BLANCHE and MARCUS, JJ., dissent.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
Whether the toy pistol constituted a "dangerous weapon" is a close question. I am inclined to agree with the trial court.
If, as held by the majority, it is not a dangerous weapon, defendant must be acquitted. In rendering a verdict of guilty to the lesser included offense of attempted simple robbery, this court has decided questions of fact. The Louisiana Constitution of 1974 in Article 5, Section 5(C) provides that "In criminal matters, [the Supreme Court's] appellate jurisdiction extends only to questions of law."
The majority has found, after a review of the evidence, that the three elements of attempted simple robbery have support in the record. Accordingly, a verdict of guilty as to the lesser included offense of attempted simple robbery has been rendered by a super jury from this court.
The overwhelming majority of jurisdictions which allow this result do so by statutory authority. See, Arizona (A.R.S. § 13-4036); California (West's Ann. Penal Code § 1260); Colorado [C.A.R., Rule 35(e)]; Florida (F.S.A. § 924.34); Illinois [Sup.Ct. Rules, Rule 615(b)]; Indiana [Burn's Ind. Stat.Ann., App.Pro., Rule 15(N)]; Massachusetts (Mass.Gen.L.Ann., c. 278 § 28B); Michigan [Mich.Ct.Rules, Rule 865.1(7)]; Minnesota [M.S.A.-R.C.P., Rule 29.02(12)]; Montana [Rev.Codes of Mont., 95-2426(1)]; New York (Crim.Proc.L., 300.40, Sub. 3, par. [b]); Ohio (Page's O.Rev. Code-Const., art. IV, § 2); Oregon (O.R.S.-Const., art. VII, § 3); and Texas [Vernon's Ann.C.Cr.P., art. 44.24(b)]. Vermont has recognized that in the absence on constitutional or statutory authorization, its Supreme Court does not have the inherent authority to modify a criminal judgment. State v. Girouard, 373 A.2d 836 (Vt., 1977). Two states with express authorization to modify also seem to recognize an inherent power to do so: Delaware [State Const., art. IV, § 11(1)(b) and Porter v. State, 243 A.2d 699, 703 (Del., 1968)] and Pennsylvania [Purdon's Penn. Stat.Ann., 42:502 and Commonwealth v. Sterling, 314 Pa. 76, 170 A. 258 (1934)]. Apparently only four jurisdictions recognize an inherent right to modify independent of other authorization: Arkansas [Wills v. State, 193 Ark. 182, 98 S.W.2d 72 (1936)]; Mississippi [Daniels v. State, 196 Miss. 328, 17 So.2d 793 (1944)]; Oklahoma [Jones v. State, 555 P.2d 63 (1976)]; and, Tennessee [Forsha v. State, 183 Tenn. 604, 194 S.W.2d 463 (1946)].
Louisiana law does not permit the entry of a guilty verdict by this court. "[T]he jury shall be the judges of the facts pertaining to the question of guilt or innocence, in criminal cases." State v. Pairs, 145 La. 443, 82 So. 407 at 409 (1919).
I respectfully dissent.
NOTES
[1] R.S. 14:2(3) defines dangerous weapon to include "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."
[2] On motion for new trial the trial judge noted the absence of any indication of dangerousness in defendant's actions, but felt constrained by prior appellate decisions to find defendant guilty of armed robbery.
[3] Defendant claimed he had worked regularly and supported his wife and child, but had been out of work for five weeks when he attempted to steal money to pay the rent. He had no prior arrests and had never been in trouble before, but was subject to a minimum mandatory sentence without possibility of probation or parole.

Perhaps the legislature will clarify the situation. (There is a presently pending bill which defines armed robbery to include the situation in which the victim is reasonably led to believe the robber is armed with a dangerous weapon.) But until such clarification the doubt should be resolved in favor of lenity. State v. McCarroll, 337 So.2d 475, (La.1976).
[4] Here, defendant's demand that the employer give him all the money in the cash register (funds under the employer's immediate control) reflected Byrd's specific intent to steal those funds. The verdict of guilty of attempted armed robbery required a finding that defendant acted with a specific intent to commit a theft and that he did an act tending directly toward the accomplishment of that crime (theft). R.S. 14:27. The evidence also establishes defendant attempted to obtain the money by intimidation, that is, by displaying a toy pistol. See R.S. 14:65.
[5] For a case with a similar result, see State v. Cooper, 297 S.W.2d 75 (Tenn.1956), which involved a remand for resentencing in a toy pistol case. See also Annotation, 61 A.L.R.2d 993.