389 So.2d 63 (1980)
STATE of Louisiana
v.
Blake HARVESTON.
No. 67045.
Supreme Court of Louisiana.
October 6, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don C. Burns, Dist. Atty., for plaintiff-appellee.
William J. Perkins, Monroe, Howard N. Nugent, Jr., Alexandria, for defendant-appellant.
LEMMON, Justice.
The principal issue in this appeal is the sufficiency of the evidence presented to support the conviction of possession of marijuana with intent to distribute.
The police obtained a warrant to search a store operated by defendant and the surrounding buildings and property. In executing *64 the warrant, the police found and seized the following items: the remains of ten marijuana cigarettes, found in an ashtray in the kitchen; three packages of cigarette rolling papers, found on the kitchen table and in a file cabinet in the store; one set of balance scales, found in a storeroom; and a band-aid box containing marijuana seed, found in a bedroom window. They also found a wrecked automobile in an unfenced section of the property twenty yards behind the store, and when they unlocked the trunk with keys found in the ignition switch, they found marijuana seeds on the trunk floor and a burlap "Tastee-Tator" sack that contained gleanings of marijuana.
After defendant was arrested and charged with possession, the police searched his wooden leg and found two bags of marijuana, estimated to contain a total of three ounces with an overall value of about $120.00. The charge was then changed to possession with intent to distribute.
Defense counsel did not file a pretrial motion to suppress, but did object unsuccessfully at the bench trial to the introduction of the burlap sack and scales. In announcing the judgment at the completion of the evidence, the trial court stated that the marijuana seized was "not a large quantity", but the burlap sack and scales convinced him defendant was guilty of more than simple possession.
Intent may be inferred from the facts and circumstances of a particular case. R.S. 15:445. The quantity of marijuana was not shown to be inconsistent with personal use only and did not of itself establish a reasonable inference that the marijuana seized was intended for distribution. State v. House, 325 So.2d 222 (La. 1975).
Under some circumstances the scales arguably might have raised some inference of an intent to distribute marijuana. These scales, however, were found in a building used as a grocery store, and there was no evidence introduced to contradict the use of these scales in the operation of the store or to indicate that this type of scale was customarily used to measure marijuana. In fact there was no evidence that the scales were in a working condition at the time of the seizure.
As to the burlap sack, the wrecked car was accessible to anyone in the area of the store that was open to the public, and no evidence was introduced to establish that the car even belonged to defendant.
The record, therefore, is seriously deficient on the question of defendant's intent to distribute marijuana. There was no direct evidence that defendant ever attempted to distribute marijuana, and the marijuana he possessed was not in a form or amount usually associated with distribution to others. Furthermore, while intent to distribute may be proved by circumstantial evidence, such intent may not reasonably be inferred where the items seized and the circumstances shown are consistent with conduct not involving distribution of marijuana. Upon review of the entire record we conclude that no rational trier of fact would have found proof of guilt beyond a reasonable doubt of every element of the crime of possession of marijuana with intent to distribute. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We accordingly set aside the conviction of this particular offense.
But the overall evidence does conclusively support the existence of every element of the crime of possession of marijuana, and the trial court implicitly found defendant guilty of that lesser and included offense. C.Cr.P. art. 814(A)(46). We therefore must decide whether to discharge defendant without any punishment or to remand the case for sentencing for the crime of which the trial court implicitly found the defendant guilty on sufficient evidence.
There is arguable merit in the view that discharging a defendant under these circumstances will discourage overcharging by the prosecution when the evidence only warrants a lesser charge. However, the fact remains that this defendant was found guilty of the lesser charge (and conviction on that charge would have been affirmed). Therefore, rather than set free without any *65 punishment a criminal who has been proved by the prosecution and found by the trial court to be guilty beyond a reasonable doubt of the crime of possession of marijuana, we simply set aside the conviction of the insufficiently proved crime of possession of marijuana with intent to distribute and remand the case for sentencing for the proved crime of possession of marijuana. State v. Byrd, 385 So.2d 248 (La. 1980).
Accordingly, the conviction and sentence are set aside and the case is remanded to the trial court to enter a judgment of guilty of possession of marijuana and to sentence defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED WITH INSTRUCTIONS.
BLANCHE, J., dissents and concurs for reasons assigned.
MARCUS and WATSON, JJ., dissent and assign reasons.
BLANCHE, Justice (concurring in part; dissenting in part).
I concur in the reversal of the conviction but dissent with regard to the remand to the trial court with instructions to enter a judgment of conviction as to a lesser included offense for reasons assigned by Justice Watson in State v. Byrd, 385 So.2d 248 (La. 1980).
MARCUS, Justice (dissenting).
I agree that there is no evidence of the crime for which defendant was charged and convicted, that is, possession with intent to distribute. Therefore, he should be discharged. I respectfully dissent.
WATSON, Justice, dissenting.
Although the majority is correct that there is no evidence of the intent to distribute element in this case, I disagree with the remand. See dissent in State v. Byrd, 385 So.2d 248 (La., 1980). The defendant should be discharged.