LOTTINGER, Justice Ad Hoc.*
This matter is before this court on a writ of habeas corpus.
In September of 1975 defendant Vernell Richardson was convicted of a first degree murder which occurred on August 5, 1973. Defendant was originally sentenced to death on October 21, 1975. In 1976 the death penalty provision of the 1973 First Degree Murder Statute was held unconstitutional. Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). In January, 1977 defendant’s death sentence was vacated and he was resentenced to life imprisonment without parole or probation for 40 years. In December of 1977 defendant was resentenced again, this time to life imprisonment without parole or probation for 20 years. Following an appeal to this court in 1979, defendant’s conviction and sentence were affirmed by per curiam (No. 63,725). Defendant now appears before this court urging two arguments as grounds for reversal of his conviction and sentence.
FACTS
On August 5, 1973 Richardson shot and killed Fred Bailey in a bar in New Orleans. According to eyewitness testimony, the defendant shot Bailey once. Bailey fell to the floor and defendant stood over him and continued to shoot. Bailey died of five gunshot wounds. The victim owed defendant Richardson $80.00 and had failed to pay it back as promised. The defendant asserted that the death resulted from a drug transaction.
SUFFICIENCY OF EVIDENCE
By this assignment the defendant urges that there was insufficient evidence to support a first degree murder conviction under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1978). This court has adopted the Jackson standard of review of state convictions as to the sufficiency of evidence. State v. Harveston, 389 So.2d 63 (La. 1980).
The state based its charge of first degree murder on the theory that Richardson was attempting an armed robbery at the time *973 he shot and killed Bailey. The elements of armed robbery are a theft (taking property of another with intent to deprive permanently), by use of force or intimidation, while armed with a dangerous weapon. There is little doubt that Richardson used force against Bailey, and that he was armed with a dangerous weapon. The only question is whether Richardson intended to take Bailey’s property away from him.
The evidence adduced at trial shows that Bailey owed Richardson $80.00. Bailey’s live-in girlfriend testified that Richardson had begged Bailey for the money and said he did not want to hurt him for it. Bailey promised he would pay back the money in two weeks. Some two weeks later Bailey was murdered. During the trial an oral statement made by Richardson while under police custody was introduced into evidence wherein Richardson said that Bailey came into the bar while Richardson was there and Richardson asked Bailey for the money owed him. Bailey refused, demanding a refund of money already paid Richardson because the drugs purchased were no good. The fatal altercation followed.
The defense argues that there was insufficient evidence of attempted armed robbery because Richardson did not attempt to take anything from Bailey after the shooting occurred. Without evidence of a money dispute between the parties, there could be little inference of an armed robbery unless the victim’s pockets were rifled. But because there is evidence that Richardson pulled a gun on Bailey because he was out to get back money owed him (even though Richardson claimed he pulled the gun because Bailey was “crowding” him), the failure of Richardson to bend over the body does not preclude a finding that Richardson intended to rob Bailey of the money owed him. It was just as reasonable for the jury to have concluded (as they apparently did) that Richardson wanted to get back the money, but that he abandoned the attempt after firing five shots, such abandonment being caused by hysteria or panic. This would be supported by testimony that Richardson was seen leaving the bar and driving away in an automobile while firing shots into the air.
We are convinced that by pulling the gun on Bailey, a rational trier of fact could have found that this constituted an attempt to get the money back. As such, we find the Jackson standard has been satisfied.
RESPONSIVE VERDICTS
By this assignment the defendant urges that the trial court erred in failing to list second degree murder as a responsive verdict to the crime charged. At the time of the crime in question, August 1977, second degree murder was responsive to first degree murder. The trial judge’s charge to the jury is not a part of the record. A typed list of the responsive verdicts, however, does appear in the record and reads, guilty as charged, guilty of manslaughter and not guilty. Thus second degree murder was apparently not given as a responsive verdict.
The basis of defendant’s argument is that if second degree murder had been listed as a responsive verdict, then he could have possibly been found guilty of such rather than first degree murder, and could have received the penalty commensurate with second degree murder. What defendant fails to recognize is that the sentence he is presently serving is that prescribed for second degree murder. Thus he fails to show any prejudice by failure to list second degree murder as a responsive verdict. We agree that the failure to list second degree murder as a responsive verdict was error, however, same is nonprejudicial.
Considering the foregoing, the application for the writ of habeas corpus is denied.
LEMMON, J., concurs and assigns reason.
DENNIS, J., dissents in part, concurs in part, and assigns reasons.

 Judges Ellis, Lottinger, and Ponder of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Dennis, Watson, and Lemmon.