410 So.2d 1010 (1981)
STATE of Louisiana
v.
Robert RAMOIN (Romain).
No. 81-KA-0215.
Supreme Court of Louisiana.
September 28, 1981.
On Rehearing March 1, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Donald Richard, Asst. Dist. Atty., for plaintiff-appellee.
Edward James Lopez, Opelousas, for defendant-appellant.
COVINGTON, Justice Ad Hoc[*].
The principal issue in this appeal is the sufficiency of the evidence presented to support the conviction of possession of marijuana with intent to distribute.
Robert C. Ramoin (Romain) was charged by bill of information with the offense of possession of a controlled dangerous substance, marijuana, with intent to distribute, in violation of La.R.S. 40:966 A(1). After a jury trial, the defendant was found guilty as charged and sentenced to serve five years at hard labor in the Department of Corrections, to run concurrently with a previous sentence. He appeals his conviction on the basis of one assignment of error.
The assignment of error by the defendant asserts that the trial court erred in denying his motion for a new trial because the verdict of the jury was contrary to the law and the evidence in that there was no evidence presented by the State to prove "intent to distribute", an essential element of the offense charged. He contends that there was a total lack of evidence to prove the crime charged in that the State proved only that he owned a cardboard box in which 12 grams (less than one-half ounce) of marijuana was found.
The evidence offered by the State disclosed that, based on information of a confidential informant, on March 27, 1980, St. Landry Parish deputies conducted a search of the cell in the St. Landry Parish jail *1011 which the defendant occupied as an inmate serving time under a sentence imposed for a previous conviction,[1] and found 27 hand-rolled marijuana cigarettes (approximately 12 grams) in a cardboard box which belonged to him, located under his bunk, and in which the defendant normally kept his personal property. While the defendant was being taken to be booked on the charge, he attempted to escape. To this we point out that the evidence showed that only the defendant occupied the particular bunk in the cell, and that the defendant admitted that the cardboard box belonged to him.[2] He also had a footlocker which could be locked and which was kept under his bunk. The defendant denied any knowledge or connection with the marijuana cigarettes, and denied smoking marijuana while in jail, stating that it had been a long time since he had smoked marijuana.
We believe that the issue concerning the essential element of "intent to distribute" marijuana is resolved by applying the standard used in reviewing the sufficiency of evidence as enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant was guilty beyond a reasonable doubt. See State v. Moody, 393 So.2d 1212, 1215 (La.1980).
We find that there is ample evidence in the record, viewed in the light most favorable to the prosecution, to establish that the defendant possessed the marijuana with intent to distribute. There was sufficient evidence in the record to convince a rational jury of every essential element of the crime charged beyond a reasonable doubt. We find that the State has proved beyond a reasonable doubt every fact necessary to constitute the crime of possession of marijuana with intent to distribute. See State v. Korman, 397 So.2d 1346 (La.1981).
For reversal, the defendant relies heavily upon several cases which held that quantity of the proscribed substance, standing alone, except in cases of sizeable amounts, is insufficient evidence to establish "intent to distribute."
In State v. House, 325 So.2d 222 (La. 1975), the prosecution offered only evidence that the defendant was in possession of 21 marijuana cigarettes and some seeds and stems. No evidence was offered of any attempted distribution or any circumstances of the transaction tending to show that the defendant possessed with the intent to distribute. The court found that "mere possession" was not evidence of possession with intent to distribute.
In State v. Elzie, 343 So.2d 712 (La.1977), the State "simply proved that the defendant possessed less than 7/10th of an ounce of a substance containing one percent of cocaine," or about 7/thousandths of an ounce of cocaine. The court found from the evidence that "the presence of this substance (containing only minute quantities of cocaine) is more consistent with possession for personal use in mixing or sniffing cocaine than with possession for distribution purposes". The court held that there was a "total lack of evidence" to prove possession with intent to distribute.
Parenthetically, in contrast to Ramoin, in neither case did defendant deny that he was a user.
The cited cases merely stand for the proposition that having possession of a small quantity of a dangerous controlled substance, standing alone, will not support an inference that the substance was intended for distribution. They do not support the defendant's contention.
It is, of course, accepted that the quantity of the substance involved (marijuana in this case) may be considered as a part of the *1012 "circumstances of the transaction."[3]State v. House, supra at 224.
In the instant case, the quantity of the dangerous controlled substance did not stand alone. There was at issue the credibility of the defendant, who took the stand in his own defense; i.e., inter alia: there was his attempt to escape when he was confronted with imminent arrest; the freedom to come and go as an inmate on the "work-release program" (and thus have outside access to marijuana); the defendant's testimony that he did not smoke marijuana (so that the cigarettes could not have been for his own personal use); the possession of 27 hand-rolled marijuana cigarettes in a cardboard box along with defendant's personal belongings; he was seen to carry the box with him when he went to the shower area; and evidence that no other person had unobserved access to the box, which was found in the defendant's cell, under his bunk. Thus, we find there was sufficient evidence to establish that the defendant possessed the marijuana with intent to distribute.
This assignment does not show reversible error.

DECREE
For the reasons assigned, the conviction and sentence of Robert C. Ramoin (Romain) are affirmed.
AFFIRMED.
DIXON, C. J., dissents.
LEMMON, J., dissents in part and assigns reasons.
LEMMON, Justice, dissenting in part.
The circumstances pointed out by the majority support a finding that defendant was guilty of possession, but do not establish beyond a reasonable doubt that defendant had the intent to distribute.
The state did not establish that possession of 27 marijuana cigarettes was inconsistent with personal use for one week.[1] Although defendant was in a work release program and did have access every other week to marijuana on the outside, he was thoroughly searched each time he reentered jail, and it is plausible that, once he smuggled marijuana into jail, he kept more than a week's supply for personal use in order to minimize the chances of getting caught bringing marijuana into the jail.
Under the evidence presented in this case a rational juror might reasonably conclude that the marijuana in defendant's possession was either for sale or for personal use.[2] Since either conclusion is reasonably probable, there is no proof beyond a reasonable doubt. I would set aside the conviction and remand for sentencing for possession under State v. Byrd, 385 So.2d 248 (La.1980); See State v. Harveston, 389 So.2d 63 (La.1980).

*1013 ON REHEARING
LEMMON, Justice.
We granted a rehearing in order to reconsider the question of whether the state presented sufficient evidence of defendant's intent to distribute marijuana.
Defendant was an inmate of the St. Landry Parish jail, where he was allowed to participate in a work release program that permitted him to alternate working offshore for seven days and then serving seven days in jail (while he was not scheduled for offshore work). On March 27, 1980, while defendant was serving a seven-day jail stretch, a group of jailers and detectives conducted a drug search of the eight-man cellblock occupied by defendant. Under defendant's bunk the searchers found a plastic bag, containing 27 marijuana cigarettes, in a cardboard box in which defendant kept his personal belongings.
Defendant was charged with possession of marijuana with intent to distribute. He was convicted after a jury trial and was sentenced to serve five years imprisonment at hard labor.
At trial the defense centered around defendant's claim that the marijuana did not belong to him and that he did not know of its presence among his personal belongings. In support of this contention he testified that he was resented by other inmates because of his work release privileges and that someone (probably the hall trustee who had tried unsuccessfully to sell barbiturates to him) had "planted" the marijuana in his box. He pointed out that he and the box had been searched when he reentered jail on March 26, and he further stated that he had no need to sell marijuana in jail, because he was earning $1,600 per month in his offshore job and was not short of cash. On cross-examination he stated that during his jail term he had frequently smelled marijuana smoked by other prisoners, and when questioned as to the date of his own last use of marijuana, he replied that he had not used it since his initial arrest because he was determined to "go straight".
Due process requires that an accused be proved guilty of every element of the offense beyond a reasonable doubt. In accordance with this standard the trial court (on a motion for new trial which urges insufficiency of evidence) and the appellate court (on appeal) can sustain the conviction only when the evidence, considered in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt of every element of the offense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Harveston, 389 So.2d 63 (La. 1980).
In the present case a rational juror could have rejected defendant's disclaimer of knowledge or ownership of the marijuana and could have concluded beyond a reasonable doubt from the remaining evidence that defendant was guilty of knowingly and intentionally possessing the substance.[1] The critical inquiry involves the sufficiency of evidence of his intent to distribute the cigarettes.
Intent to distribute illegal drugs may be established by proving circumstances surrounding the defendant's possession which give rise to reasonable inferences of intent to distribute. State v. Elzie, 343 So.2d 712 (La.1977). On original hearing we noted that 27 marijuana cigarettes had not been shown to be inconsistent with personal use.[2] Nevertheless, we concluded that defendant's denial of present use of marijuana provided the basis on which a rational juror could have concluded that *1014 defendant therefore must have possessed the marijuana for the purpose of distribution. On reconsideration we now conclude that the evidence and the reasonable inferences that may be drawn from the evidence simply are not sufficient to convince a rational juror beyond a reasonable doubt that defendant intended to distribute the cigarettes.
A person who is spending one week in jail may have 27 marijuana cigarettes in his possession without necessarily intending to distribute them to others. The mere fact of possession of a relatively small quantity of marijuana does not compel the conclusion of intent to distribute. Furthermore, defendant's denial of marijuana use since being sentenced to jail was part of his effort to deny ownership or knowledge of the marijuana found in the box belonging to him. The jury apparently rejected as untrue both the exculpatory denial of marijuana use in jail and the overall denial of knowledge and ownership of the particular marijuana cigarettes.
Proof that defendant had 27 cigarettes in his possession, combined with defendant's lies regarding his knowledge and ownership of the cigarettes, simply are insufficient to establish beyond a reasonable doubt the defendant's intent to distribute marijuana. Defendant obviously possessed the marijuana either for personal use or for distribution. However, since it was at least equally plausible to conclude on this record that he intended only personal use, there is no proof beyond a reasonable doubt of intent to distribute.
Accordingly, we hold that the evidence was insufficient to support the conviction of possession of marijuana with intent to distribute. However, the jury implicitly found that defendant committed the lesser and included responsive offense of possession of marijuana, and the record supports the jury's conclusion in that respect. See State v. Harveston, above.
For these reasons, the conviction of possession of marijuana with intent to distribute and the sentence are set aside, and the case is remanded to the trial court with instructions to enter a judgment of guilty of possession of marijuana and to sentence defendant accordingly.
CALOGERO, J., concurs with reasons.
MARCUS and BLANCHE, J., dissent and assign reasons.
WATSON, J., dissents, believing the evidence sufficient to uphold the jury verdict.
CALOGERO, Justice, concurring.
I agree with the majority that under Jackson v. Virginia the evidence of possession with intent to distribute was insufficient to meet due process standards.
MARCUS, Justice (dissenting).
I agree that the evidence is insufficient to establish defendant's intent to distribute marijuana. Hence, the state did not prove an essential element of the crime for which defendant was charged and convicted. Accordingly, he should be ordered discharged. I respectfully dissent.
BLANCHE, Justice (dissenting).
I respectfully dissent.
While I agree that the evidence was insufficient to support the conviction of possession of marijuana with intent to distribute, I dissent from our instructions to the trial court that a verdict be entered of guilty of the lesser included offense.
This Court has no statutory authority to order a trial court to enter a verdict of guilty. The state has failed to prove each and every element of the charge against the defendant and, accordingly, that charge should be dismissed. See dissent of Watson, J. in State v. Byrd, 385 So.2d 248 (La.1980).
NOTES
[*] Judges Covington, Cole and Watkins of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon, and Associate Justices Marcus, Blanche and Lemmon.
[1] The defendant was an inmate in the St. Landry Parish jail serving time as a condition of probation under a previous conviction and sentence. He was permitted to serve his time during the seven days that he was off work from his off-shore job as a roughneck.
[2] The cell was occupied by six inmates, including the defendant.
[3] LSA-R.S. 15:445 provides:

"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
LSA-R.S. 15:446 provides:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."
[1] As part of a work release program defendant was allowed to serve one week in jail and to work offshore one week in each two-week period.
[2] In order to find defendant guilty of the necessary element of possession the jury necessarily rejected as untrue defendant's testimony that he was unaware his box contained marijuana and that he had quit smoking marijuana when he was arrested. The jury relied on other circumstantial evidence which supported the element of possession.

However, the majority uses defendant's statement, found by the jury not to be credible, to support the element of intent to distribute, when the remaining evidence, standing alone, falls far short of proof beyond a reasonable doubt. An appellate court should be cautious in using rejected exculpatory testimony of a defendant as to one element of an offense to fill a void in the evidence as to another element of the offense.
[1] The evidence showed that the marijuana was found, along with other personal possessions, in a box belonging to defendant and that no other person had an opportunity for unobserved access to the box. Furthermore, defendant had frequent opportunities to obtain marijuana during his periods of work outside the jail.
[2] In State v. Willis, 325 So.2d 227 (La. 1975) and State v. House, 325 So.2d 222 (La. 1975), we held that proof of possession of 15 and 21 marijuana cigarettes respectively was alone insufficient to establish intent to distribute, when there was no other evidence such as scales, baggies, materials used for distribution, or evidence of prior efforts to distribute.