SEXTON, Judge.
Defendant, Oliver Grissom, was convicted by a jury of the offense of aggravated rape and sentenced on that charge. On the first appeal of this conviction, this Court found merit in the defendant’s contention that there was insufficient evidence to prove penetration, an essential element of the offense. However, the record contained sufficient evidence to convict the defendant of the lesser included offense of attempted aggravated rape and the case was remanded to the trial court with instructions to enter a judgment of conviction for the offense of attempted aggravated rape and to impose a sentence on that offense. State v. Grissom, 467 So.2d 858 (La.App. 2d Cir.1985). Following the remand, the defendant was sentenced to a term of fifty years imprisonment at hard labor to run consecutively with any other sentence being served. The defendant now appeals for the second time subsequent to his conviction on the basis of two assigned errors. We affirm.
The defendant’s assignments were initially presented to the trial court by way of a “Motion for Arrest of Judgment and Motion for New Trial,” which was denied. As we appreciate the defendant’s position, they present the single contention that the trial court had no jurisdiction to sentence the defendant on the lesser charge of attempted aggravated rape because the defendant had not pled guilty to that offense nor had he been convicted of that offense by a jury. The defendant thus contends that this court was without authority to reduce the original conviction to the lesser included offense of attempted aggravated rape when we found a lack of an essential element of the offense for which the defendant was tried.
These constitutional arguments have been considered and rejected by our Supreme Court. State v. Byrd, 385 So.2d 248 (La.1980). Moreover, the procedure was codified by Act. No. 144 of 1982 as LSA-C. Cr.P. art. 821 E. These assignments therefore lack merit. The conviction and sentence are affirmed.
AFFIRMED.