Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,131-KW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Respondent

versus

NICQUARIOUS SHUKKOR                         Applicant
HEWITT

* * * * *

On Application for Writs from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 21-CR2628

Honorable H. Stephen Winters, Judge

* * * * *

THE HARVILLE LAW FIRM, LLC          Counsel for Applicant
By: Douglas Lee Harville

ROBERT S. TEW                       Counsel for Respondent
District Attorney

RAMSEY L. OGG
COLLEEN STUART BUTLER
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**PITMAN, C. J.**

The trial court found Defendant Niquarious Shukkor Hewitt guilty as charged on four counts of domestic abuse battery and imposed sentences. Defendant appeals. For the following reasons, we reverse his convictions, vacate his sentences and enter judgments of acquittal.

## FACTS

On September 8, 2021, the state filed a bill of information and alleged that on or about May 21, 2021, Defendant committed four counts of domestic abuse battery in violation of La. R.S. 14:35.3. It alleged that he intentionally used force or violence upon the person of four household members or family members, i.e., Maranda Starr and three children.

A bench trial was held on November 28, 2022. None of the alleged victims testified at trial. The sole witness was Officer Geoffrey Henry of the West Monroe Police Department. He testified that on the afternoon of May 21, 2021, he was dispatched to 209 Ludwig Avenue regarding a domestic disturbance. When he arrived, he came into contact with Starr and her three children, who were all in the front yard. He described them as "real scared and frightened for basically their life." Starr told Ofc. Henry that Defendant fled the scene, that she was afraid of him and that he struck her in the face multiple times and strangled her once. He noted that there were scratches on Starr's face and discoloration on her neck and identified photographs he took of her injuries. Ofc. Henry spoke with Starr's children, the oldest of whom was eight years old, and each one stated that he had been battered. The first child stated that Defendant struck him in the face, the second child stated that Defendant struck him and kicked him and the third child stated that Defendant hit him on the arm and kicked him. Ofc. Henry

identified photographs he took of the children and noted that one child had swelling on his face, the second had bruising and a scratch on his arm and the third had a bruise on his wrist. Ofc. Henry noted that these three children were not Defendant's children but that he does have a child with Starr. Ofc. Henry testified that Defendant was not allowed at Starr's residence and in 2020 was "placed on trespassing that address." Throughout Ofc. Henry's testimony, defense counsel objected to his recollections about what the alleged victims told him as hearsay.

The trial court found Defendant guilty as charged of domestic abuse battery on all four counts. It explained that Starr and the children appeared to have injuries and that they told Ofc. Henry what happened immediately after the cause of the injuries. It found that these statements were excited utterances. It stated that the information presented at trial was consistent and that Ofc. Henry was credible.

As to each count, the trial court sentenced Defendant to 120 days, 48 hours without benefits, with credit for time served and ordered him to pay fines and costs in the amount of $750 and in default to serve 30 days in the parish jail. It suspended the sentences and placed Defendant on two-years supervised probation with community service, ordered him to complete a batterers' intervention program and ordered him not to have any firearms. It ordered the sentences to be served concurrently.

Defendant filed a notice of intent to seek supervisory writs. This court ordered the writ granted to the appeal docket.

### DISCUSSION

Defendant argues that the state failed to prove beyond a reasonable doubt that he was a household member or a family member of any of the

2

alleged victims. He states that he is not the father of the three children and there was no evidence that he ever lived with Starr or the children. He also argues that the trial court erred when it found that Ofc. Henry could testify to statements made by the four alleged victims. He contends that the state failed to establish that any of their statements were excited utterances and that the introduction of these hearsay statements was improper and was not harmless error.

The state argues that it presented sufficient evidence to prove Defendant was a household member or a family member of the victims. It states that Ofc. Henry testified that Starr told him that Defendant was her boyfriend and the father of one of her children. It also argues that the trial court did not err when it found that Ofc. Henry could testify to excited-utterance statements made by the four victims. It states that Ofc. Henry arrived on the scene to find four scared and frightened victims who had just been attacked by Defendant, that he took their statements and that he observed their injuries. It contends that the victims were still under the stress of the excitement caused by the event when they spoke to Ofc. Henry.

When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold*, 603 So. 2d 731 (La. 1992). The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal. *Id*.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*,

443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Hearold*, *supra*; *State v. Smith*, 47,983 (La. App. 2 Cir. 5/15/13), 116 So. 3d 884. *See also* La. C. Cr. P. art. 821. This standard does not provide an appellate court with a vehicle for substituting its appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517. The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442.

Domestic abuse battery is the intentional use of force or violence committed by one household member or family member upon the person of another household member or family member. La. R.S. 14:35.3(A). La. R.S. 14:35.3(B) defines "family member" and "household member" as follows:

> (4) "Family member" means spouses, former spouses, parents, children, stepparents, stepchildren, foster parents, foster children, other ascendants, and other descendants. "Family member" also means the other parent or foster parent of any child or foster child of the offender.
> (5) "Household member" means any person presently or formerly living in the same residence with the offender and who is involved or has been involved in a sexual or intimate relationship with the offender, or any child presently or formerly living in the same residence with the offender, or any child of the offender regardless of where the child resides.

When the evidence does not support a conviction of the crime charged, appellate courts generally remand with instructions to discharge the defendant. *State v. Byrd*, 385 So. 2d 248 (La. 1980). However, the discharge of the defendant is not necessary or proper when the evidence

4

supports a conviction on a lesser and included offense.  *Id*.  *See also* La. C. Cr. P. art. 821.

Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.  La. C.E. art. 801(C).  Hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation. La. C.E. art. 802.

La. C.E. art. 803 sets forth exceptions to the hearsay rule, including the excited-utterance exception.  An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.  La. C.E. art. 803(2). The excited-utterance exception requires that there be an occurrence or event sufficiently startling to render normal reflective thought processes of an observer inoperative.  *State v. Henderson*, 362 So. 2d 1358 (La. 1978). Additionally, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought. *Id*.  The trial court must determine whether the interval of time between the event and the statement was long enough to permit a subsidence of emotional upset and a restoration of a reflective thought process.  *Id*. Additional factors that may indicate that a statement was the result of reflective thought include evidence that the statement was self-serving or made in response to an inquiry, expansion of the excited utterance beyond a description of the exciting event into past facts or the future and proof that the declarant performed tasks requiring reflective thought processes between the event and the statement.  *Id*.

The admission of hearsay testimony is harmless error where the effect is merely cumulative or corroborative of other testimony adduced at trial. *State v. Johnson*, 389 So. 2d 1302 (La. 1980).

In this case, the state failed to prove beyond a reasonable doubt that Defendant committed four counts of domestic abuse battery. The state did not introduce evidence that Defendant and the alleged victims were family members or household members. The state did not present any evidence at trial that Defendant was the spouse or former spouse of Starr or the parent or step-parent of the children. It also did not prove that Defendant presently or formerly lived with the alleged victims. Any evidence presented by the state at previous hearings as to the familial relationship between Defendant and the alleged victims was not introduced into evidence at the bench trial and should not have been considered by the trial court.

As stated in *State v. Byrd*, *supra*, this court shall consider whether the evidence presented at trial by the state supports a conviction on a lesser and included offense. La. C. Cr. P. art. 815 states:

> In all cases not provided for in Article 814, the following verdicts are responsive:
> (1) Guilty;
> (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
> (3) Not Guilty.

Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. *State v. Graham*, 14-1801 (La. 10/14/15), 180 So. 3d 271. Simple battery is a lesser and included offense of domestic abuse battery. Simple battery is a battery committed without the consent of the victim. La.

6

R.S. 14:35.  Battery is the intentional use of force or violence upon the person of another.  La. R.S. 14:33.

The state attempted to prove that Defendant intentionally used force or violence upon the alleged victims through Ofc. Henry's testimony of what they told him and photographs he took of their injuries.  Throughout the bench trial, defense counsel objected to Ofc. Henry testifying as to what the alleged victims told him about what happened.  The state responded that these statements fell under the excited-utterance exception to the hearsay rule.  The state subpoenaed Starr but was unable to locate her and contended that the exception applied because Ofc. Henry spoke to Starr and the children as soon as he arrived on the scene.  The trial court found that the state could question Ofc. Henry about the children's statements.  Regarding statements made by Starr, the trial court explained to the state:

> it's a little bit difficult for me when you as a prosecutor cannot even tell me why this person doesn't appear, why you don't ask for a continuance, . . . .  But it's just difficult to convict someone beyond a reasonable doubt when there are no victims and . . . no one corroborates the statements other than this gentleman, who is a wonderful person, but he wasn't there.

The trial court instructed the state to continue questioning Ofc. Henry and told defense counsel she could object to the questions, which she did.

We find that the trial court erred when it determined that statements made by the alleged victims to Ofc. Henry were admissible under the excited-utterance exception to the hearsay rule and convicted Defendant based on this inadmissible evidence.  Ofc. Henry provided some testimony regarding the circumstances of when the alleged victims made their statements to him.  He stated that when he arrived on the scene, the alleged victims appeared upset, frightened and scared but did not need medical

7

attention. They told him that Defendant fled the scene a few minutes before law enforcement arrived and told him about their injuries. Attorneys for both the state and the defense attempted to establish a timeline of events based upon Ofc. Henry's written report, which was not admitted into evidence. The state noted that law enforcement was called at 12:50 p.m. and arrived on the scene at 1:03 p.m. Defense counsel added that Starr provided a written statement at 1:09 p.m., which was not admitted into evidence. Ofc. Henry agreed that law enforcement arrived on the scene in the afternoon. The trial court considered the timeline presented by counsel in its oral reasons for judgment.

Through Ofc. Henry's limited testimony, the state did not prove that the statements made by the alleged victims were excited utterances. Ofc. Henry did not provide a timeline of events, including how much time elapsed between the alleged batteries and the statements and whether there was time to restore a reflective thought process. His testimony suggests that he asked the alleged victims what happened, meaning that their statements were responses to an inquiry and not spontaneous reactions.

We find that the admission of hearsay is not harmless error under the facts of this case because the trial court based Defendant's convictions solely on the testimony of Ofc. Henry. The effect of his testimony was not merely cumulative or corroborative of other testimony adduced at trial because there was no other testimony or evidence adduced at trial.

We do note that domestic abuse cases can be uniquely difficult to prosecute because the victims regularly refuse to testify, are uncooperative or change their testimony at trial. This court in *State v. Rankin*, 42,412 (La. App. 2 Cir. 9/19/07), 965 So. 2d 946, *writ denied*, 07-2067 (La. 3/7/08),

8

977 So. 2d 897, stated that domestic violence cases "are among the most fertile grounds for noncooperative nonparty witnesses." In *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006), the United States Supreme Court explained that domestic abuse and violence cases are "notoriously susceptible to intimidation or coercion of the victim to ensure that she does not testify at trial." Similarly, in *Giles v. California*, 554 U.S. 353, 128 S. Ct. 2678, 171 L. Ed. 2d 488 (2008), the Court stated that "[a]cts of domestic violence often are intended to dissuade a victim from resorting to outside help, and include conduct designed to prevent testimony to police officers or cooperation in criminal prosecutions." Nonetheless, the burden remains on the state to prove all of the essential elements of the crime beyond a reasonable doubt.

Accordingly, these assignments of error have merit. The state did not prove the essential elements of domestic abuse battery beyond a reasonable doubt, and the admissible evidence it presented did not support a conviction on a lesser and included offense. Therefore, we reverse the four convictions of domestic abuse battery, vacate the corresponding sentences and enter judgments of acquittal for all four charges.

## CONCLUSION

For the foregoing reasons, we reverse Defendant Niquarious Shukkor Hewitt's convictions, vacate his sentences and enter judgments of acquittal.

**CONVICTIONS REVERSED; SENTENCES VACATED; JUDGMENTS OF ACQUITTAL ENTERED.**