LOTTINGER, Judge.
This suit arises out of the filing of seven petitions requesting that the Governor of the State of Louisiana issue a proclamation calling an election for the recall of petitioners herein. The recall petitions were *462 filed against William J. Gossen, Mayor of the Municipality of Rayne, Louisiana, Eugene E. Morgan, Chief of Police of the Municipality of Rayne, Louisiana, and Hampton M. Boudreaux, Sr., Aubrey J. Leger, Bertrand N. Sweeny, Jr., Arnold Kahn, and Batson Richard, Aldermen of the Municipality of Rayne, Louisiana. From judgment below dismissing the suit, the petitioners have taken this appeal.
Upon the lodging of the petitions for recall with the Registrar of Voters of Acadia Parish, it was unofficially learned by petitioners herein that the petitions had been so placed. They then filed this suit asking for an injunction enjoining the Registrar of Voters from certifying the petitions and sending same to the Secretary of State. Petitioners allege, as grounds for this suit, that Louisiana Statutes Annotated — Revised Statutes 42:341 through 42:357 are unconstitutional. Defendant filed an exception of no right or cause of action, which was referred to the merits. Defendant then filed an answer, and after trial on the merits, the lower court rendered judgment upholding the constitutionality of the said statutes, and dismissing the suit. Petitioners have taken this appeal.
In the court below, the constitutionality of Louisiana Statutes Annotated — Revised Statutes 42:341 through 42:357 was attacked for various reasons. However, upon appeal, certain of these reasons have been abandoned by petitioners. The only question, therefore, before this court, is whether said statutes are unconstitutional because they are ambiguous and impossible to interpret with a reasonable amount of clarity. The attack by petitioners is based on the following wording of the statutes:
LSA-R.S. 42:342 provides that:
“This petition shall be signed by a number of the electors of the voting area as will, in number, equal not less than twenty-five per centum of the number of the total electors of the voting area wherein and for which a recall election is petitioned.”
whereas LSA-R.S. 42:343 provides that:
“The registrar of voters of each parish in the state, wherein a recall election is sought, shall certify on the recall petition, within ten days after presented to him for that purpose, the number of names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of the execution of the certificate. * * * ”
Furthermore, Section 42:346 provides that:
“The Secretary of State shall certify upon the recall petition that the number of signatures required have been signed to the petition before presentation to-the governor.”
whereas LSA-R.S. 42:347 provides that:
“Within five days after a petition for a recall election is presented to the governor, in accordance with this Chapter, if the required number of registered voters qualified to vote at the last preceding election signed the petition, calculated from the certificates of the registrars of voters and Secretary of State, then the governor shall issue a proclamation ordering an election * * *.”
Again, LSA-R.S. 42:347 provides that:
“ * * * and the number of signatures required shall be determined by calculation of the number of legally qualified voters of the state, district, judicial or otherwise, or of any parish, ward, or municipality as set forth in R.S. 42:343.”
Petitioners criticize the above statutes, as follows:
“A mere reading of the above cited sections will indicate that it is impossible to determine just how a recall petition may be determined to be valid according to the required number of signatures. In the first place, it would appear from R.S. 42:342 that twenty-five per cent of the electors at the time the petition is circulated would be required. to sign said petition. Whereas, R.S. 42:343 would indicate that the number of electors, whatever that might be, must be determined at the time of the execution of the certificate by the Registrar of Voters. However, *463 neither Section 343, 346 or 347 specifies the number of qualified electors that must sign the petition in order for the Governor to issue his proclamation. Section 42:347 does say, however, that the Governor will issue his proclamation if the required number of signatures have been obtained, based on the registered voters qualified to vote at the last preceding election. This requirement is in direct conflict with R.S. 42:342 which specifies that the requirement is twenty-five per cent of the total number of electors of the voting area ■at the time of the circulation of the petition.”
We are totally unable to agree with petitioners that the said statutes are ambiguous and impossible to interpret with a reasonable amount of clarity. LSA-R.S. 42:342 clearly states that the petition shall be signed by a number of electors of the voting area as will, in number, equal not less than twenty-five per centum of the number of the total electors of the voting area wherein and for which a recall election is petitioned. The said petition shall be directed to the governor. Black’s Law Dictionary defines an elector as: “A duly qualified voter; one who has a vote in the choice of any officer, a constituent.” Thus, an elector is a person duly qualified to vote, regardless of whether'he has exercised his right to vote or not. LSA — R.S. 42:343 provides that the registrar of voters shall certify on the recall petition, the number of names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. Thus the certificate by the registrar of voters, will indicate whether or not the required number of electors, as provided in LSA-R.S. 42:342, have signed the petition. The petition is then forwarded to the Secretary of State who certifies that the required number of electors have signed the petition, and the petition is then forwarded to the governor for his proclamation. LSA-R.S. 42:347 provides that the governor shall issue the proclamation for the recall election, if the required number of registered voters qualified to vote at the last preceding election signed the petition, calculated from the certificates of the registrar of voters and the Secretary of State. True, there is some ambiguity between the provisions of sections 342 and 347. Section 342 provides that not less than twenty-five percent of the electors must sign the petition, whereas, Section 347 directs the governor to order the recall election if the required number of registered voters qualified to vote at the last preceding election signed the petition.
The same question was presented to the Supreme Court regarding the same statutes, prior to their revision, in the case Roy v. Board of Supervisors of Elections, 198 La. 489, 3 So.2d 747, 751. In that case, the Supreme Court said:
“Since Section 2 of the Act (now LSA-R.S. 42:342) does not require the Registrar of Voters to certify the number of qualified voters entitled to vote at the last preceding election, it is apparent that the Governor is unable, by an examination of the certificate of the Registrar, to calculate whether the required percentage of voters have signed the recall petition. Hence, the provisions of Section 2 of the Act, which require the Registrar of Voters merely to certify the number of qualified electors of the municipality, etc., as of the date of the execution of the certificate and that portion of Section S of the Act (now LSA-R.S. 42:347), which requires the Governor to make his calculations from the certificate of the Registrar of Voters and the Secretary of State, would seem to conflict with that portion of Section S of the Act which declares that the Governor shall issue his proclamation only if the required number of registered voters qualified to vote at the last preceding election have signed the recall petition. However, it is to be noted that the calculations by the Governor are to be made not only from the certificate of the Registrar of Voters but also from the certificate of the Secretary of State. Section 4 of the Act (now *464 LSA-R.S. 42:346) provides that it shall be the duty of the Secretary of State to certify upon the recall petition that the number of signatures required under the statute have been signed to the recall petition before such petition is presented to the Governor. This section must be read in connection with Section 5 of the Act which permits the Governor to issue a proclamation only in case the recall petition is signed by 25% of the registered voters who were qualified to vote at the last preceding election. Obviously, the reason for requiring that the Secretary of State to issue his certificate is because he has the official records in his office showing the number of persons voting in the ward, municipality or parish at the last preceding election. See Pinder v. Board of Supervisors, La.App. First Circuit, 146 So. 715, 716. Hence, from the certificate of the Secretary of State, the Governor is able to make the necessary calculations.
“At all events, even if it be conceded that the provisions of Section 5 of the Act conflict to some extent with the provisions of Section 2, it is perfectly plain that the mandate directed to the Governor by Section 5 must prevail since he has no right to issue a proclamation for a recall election unless the signatures of the required number of registered voters qualified to vote at the last preceding election appear upon the recall petition. Furthermore, we cannot believe that the Legislature ever intended to permit an officer to be recalled upon the signatures of a percentage of voters qualified to vote at the time the recall petition is presented to the Registrar of Voters for it would make it entirely too easy for a very small number of voters to file such a petition immediately after a new State registration of voters and at a time when only a small percentage of the electorate had qualified.” (Parenthesis ours.)
The statute under consideration by the Supreme Court in their decision above quoted was Act No. 121 of the Extraordinary Session of 1921. This is the same act which was revised and incorporated in the Revised Statutes of 1950 under LSA-R.S. 42:341 through LSA-R.S. 42:357. Except for a few minor revisions, the wording of the act remains the same. We, therefore, believe that the quotation above is directly on point of the question now before us, and believe that the Supreme Court has clearly set forth the meaning of the apparent ambiguity.
According to LSA-R.S. 42:347, the recall election is to be ordered by the governor, provided the petition containing the required number of signatures are presented to him. In the final analysis, the decision as to whether the required number of electors has signed the petition is one to be made by the governor. Nothing is to be done by the registrar of voters, except the certification as provided in LSA-R.S. 42:343. This duty is mandatory and is without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed.
We believe that the statutes here under attack, when read together, set forth clearly the procedure for the calling of a recall election. For the reasons assigned, the judgment of the lower court will be affirmed.
Judgment affirmed.
June 30, 1952: Notice of judgment in this case was received on May 8th, and the application for rehearing was received and filed on May 23 rd. As the application was received after the finality of the judgment same cannot be entertained. See Clostio’s Heirs v. Sinclair Refining Co., La.App., 37 So.2d 44.
Application not entertained.