506 So.2d 759 (1987)
STATE of Louisiana
v.
Jerry B. BURGE.
No. KA 86 1218.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*760 William Campbell, New Orleans, for appellee.
George C. Ehmig, Covington, for appellant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Jerry Burge was charged by bill of information with distribution of marijuana, in violation of LSA-R.S. 40:966. He pled not guilty, was tried by jury and was convicted as charged. Defendant was subsequently charged, adjudged and sentenced as a habitual felony offender. The court sentenced defendant to sixteen years imprisonment at hard labor. He has appealed, urging three assignments of error:
1. There is an insufficient factual basis upon which a rational trier of fact could find guilt beyond a reasonable doubt.
2. The sentence is excessive.
3. Because of error patent on the face of the record, the conviction and sentence must be reversed. Assignments of error one and three were not briefed on appeal and are, therefore, considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. In any event, this court routinely examines the record for any errors patent.
The record reflects that the instant offense occurred on April 20, 1985, in St. Tammany Parish. Detectives Randy Caire and James Buckley of the St. Tammany Parish Sheriff's Office were working together in an undercover narcotics operation at the Pillars Lounge in Pearl River. Defendant approached Caire and introduced himself as "Jed." The two talked a short time, after which defendant asked Caire if he would like to purchase a bag of marijuana. Defendant told Caire that he believed his sister and brother-in-law were asking thirty-five dollars per bag of marijuana. Caire and defendant got into Caire's car and drove to the residence of Rhetta and Robert Ellsworth Bennett, defendant's sister and brother-in-law. Defendant took Caire inside the Bennetts' residence and introduced him to the couple. Defendant told Rhetta that Caire wanted to buy a bag of weed and asked her whether or not she had any. Rhetta glanced at Robert and asked him if they had some weed. He replied that he thought they had two bags. Rhetta asked Robert for some keys, which he gave to her. She left the room and, within a minute or two, returned with a clear plastic bag of green vegetable matter which she gave to defendant. Defendant then gave it to Caire to examine and approve. While Caire looked it over, Rhetta told him she had one more bag and offered to allow him to examine it to determine which bag he might prefer. Caire declined Rhetta's offer and handed defendant thirty-five dollars. Defendant handed the money to Rhetta. Defendant and Caire then left the Bennetts' residence and returned to the lounge. Caire turned the bag of vegetable matter over to Detective Buckley as evidence. The evidence was submitted to the Louisiana State Police Crime Laboratory for analysis and was positively identified as marijuana.

ASSIGNMENT OF ERROR NO. 2
By means of this assignment, defendant contends that his sentence is excessive. *761 He argues that the Bennetts, his co-defendants, received relatively light sentences while his sentence is very severe.[1] He asserts that he was sentenced as a habitual felony offender on the mere suggestion of the prosecutor and without a habitual offender hearing. He argues that the state failed to show that more than five years had not elapsed since the expiration of the maximum sentences of his previous convictions and the time of commission of the instant offense. He further argues that the state failed to show that he had made a knowing and voluntary waiver of his constitutional rights in regard to his 1981 guilty plea to possession of a Schedule IV controlled dangerous substance. However, for reasons set forth hereinafter, we vacate defendant's sentence and remand this matter for resentencing.
The record reflects that defendant was convicted of the instant offense on March 17, 1986. On April 1, 1986, the state filed a bill of information charging defendant as a multiple felony offender. The bill of information sets forth only one predicate conviction, an October 27, 1981, guilty plea to possession of a Schedule IV controlled dangerous substance in violation of LSA-R.S. 40:969.
The record reflects that, immediately prior to sentencing, the prosecutor indicated that the state had filed a multiple offender bill against the defendant, witnesses had been subpoenaed to prove defendant's habitual offender status, and the state was ready to proceed with its proof unless defendant wanted to stipulate with regard to the predicate offense. In response, defense counsel stated that he was being advised by defendant that he "will waive any particular testimony or so stipulate that he has a prior conviction." The state responded by moving that defendant be sentenced in accordance with the habitual felony offender statute. Defense counsel countered by moving that sentencing under the habitual offender statute be delayed. Following an off-the-record discussion held at the bench, the court instructed defense counsel to state his objection for the record. Defense counsel replied, "Yes, your honor. Make an objection. Please note it." Thereupon, the court proceeded with sentencing. The court noted that defendant had been convicted of the instant offense and that it had ordered a presentence investigation report. The court informed defendant that the report showed that he had a prior felony theft conviction and asked defendant whether or not that was correct. Defendant replied in the affirmative.
The following colloquy then transpired between the court and defendant:
BY THE COURT: And also, in October of 1981, you plead guilty to distribution of a Schedule III, Schedule IV narcotic and given five years suspended and five years probation; is that correct, sir?
BY JERRY BURGE: Yes, Sir.
BY THE COURT: And you were only shortly off of probation in this when this trial came up; is that correct?
BY JERRY BURGE: I didn't know. I didn't see my probation officer no more.
BY THE COURT: Do you have anything to say by way of mitigating these circumstances or anything to say prior to the time this Court imposes sentence?
BY JERRY BURGE: I regret what I done, you know. I mean, that's all I got to say.
Thereafter, the court imposed a sentence of sixteen years at hard labor. The state moved that the court "consider the sentence be made" in conformity with the habitual felony offender statute. The court acknowledged that it had failed to "put that in there" and noted that the sentence *762 was made in conformity with the habitual felony offender statute.
LSA-R.S. 15:529.1(D) provides that upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." State v. Martin, 427 So.2d 1182 (La.1983).
In the instant case, the trial court informed defendant of the allegation contained in the multiple offender bill, and defendant admitted it was true. However, the trial court did not inform defendant of his right to be tried as to the truth of the allegations of his prior convictions. The colloquy between the court and defendant reflects that the court's inquiries concerning defendant's prior theft and drug convictions related only to the correctness of the presentence investigation report. This fact is particularly evident since the trial court's inquiries related to two previous felony convictions and the multiple offender bill charged only one predicate offense. These failures of the trial court constitute error patent on the face of the record. State v. Easton, 463 So.2d 783 (La.App. 2d Cir. 1985); State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied, 472 So.2d 913 (La.1985).
For the reasons assigned, we vacate defendant's sentence and remand this case to the trial court for resentencing in accordance with the views expressed herein.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] The Bennetts and defendant were tried jointly for the offense of distribution of marijuana. Rhetta Bennett was found guilty of distribution of marijuana and was sentenced to a term of eighteen months of imprisonment at hard labor. Robert Bennett was found guilty of attempted distribution of marijuana. The trial court sentenced Robert Bennett to a term of three years imprisonment at hard labor, suspended the sentence and placed him on three years active probation subject to specified conditions imposed by the court.