567 So.2d 798 (1990)
STATE of Louisiana
v.
Clarion BAY, Jr.
No. CR89-1228.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
Joseph D. Toups, Jr., Mansfield, Herbert B. Larson, Jr., New Orleans, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and FORET and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Defendant, Clarion Bay, Jr., was convicted by a unanimous twelve member jury of first degree murder, a violation of La.R.S. 14:30 and was sentenced to death.
He appealed his conviction and sentence directly to the Louisiana Supreme Court. Although the court found the evidence insufficient to support a first degree murder conviction, it did find the State proved every element of the lesser and included offense of second degree murder beyond a reasonable doubt. Consequently, the court set aside defendant's conviction and sentence and remanded the case, ordering the trial court to enter a judgment of guilty of *799 second degree murder and to sentence defendant to life imprisonment at hard labor. State v. Bay, 529 So.2d 845 (La.1988), rehearing denied September 8, 1989. On January 23, 1989, the district court complied with the Supreme Court's order.
Defendant now appeals his conviction based upon three assignments of error, two of which he raised, but did not brief, in the Supreme Court.

ASSIGNMENTS OF ERROR NOS. 1, 2 and 3:
Defendant argues the trial judge erred in failing to grant his challenges for cause against two prospective jurors and in improperly charging the jury regarding the sentencing phase in capital crimes. Defendant raised these assignments of error before the Supreme Court, but he failed to brief them. The Supreme Court considered them waived. Defendant reurges these assignments in this appeal and additionally argues the Supreme Court erred in not considering these assignments in his original appeal. We find an appeal to this court on these issues is improper; therefore, we need not address these assignments of error.
The Louisiana Constitution of 1974 guarantees the defendant's right to an appeal. La. Const. art. I, § 19 provides:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
See also State v. Simmons, 390 So.2d 504 (La.1980). However, this defendant has already exercised this right.
The Supreme Court found the record in this case supported a conviction of the lesser and included offense of second degree murder, and it ordered the trial court to enter a judgment for that offense. The authority for this procedure is found in State v. Byrd, 385 So.2d 248 (La.1980), where the court stated the following:
However, when it is clear from the verdict that the trial judge or jury necessarily found the elements of a lesser and included offense had been proved beyond a reasonable doubt, and the state, constrained by the double jeopardy clause, cannot seek anew a conviction on the greater offense, a remand for a new trial would serve no useful purpose. See Joseph, Work of the Louisiana Appellate Court for the 1976-77 Term-Criminal Trial and Post-Conviction Procedures, 38 La.L.Rev. 533, 557 (1978).
* * * * * *
This procedure [ordering the entry of a judgment of guilty of the lesser and included offense] does not constitute interference with the function of the trial judge or jury in a criminal trial, but rather constitutes action in accordance with the findings of the trier of fact. Moreover, this procedure does not deprive defendant of his right to have a trial judge or jury decide on the proof of the elements of the lesser and included offense, but rather recognizes that the trier of fact has already made that decision. This procedure also does not subject defendant to double jeopardy, because there will be no new proceedings in which the state will be given an opportunity to relitigate his guilt. See U.S. v. Boyd, 566 F.2d 929 (5th Cir.1978). Finally, this procedure is not contrary to the federal constitutional principle that a jury verdict must not stand if, when the evidence is viewed in the light most favorable to the prosecution, a rational jury could not have found the essential elements of the crime beyond a reasonable doubt.
385 So.2d 248, at 252.
As this language explains, the defendant's second degree murder conviction is based upon the same record and the same facts which were before the Louisiana Supreme Court in his original appeal. Defendant has already exercised his right to judicial review guaranteed by Article I, § 19 of the Louisiana Constitution of 1974. The only new action in the trial court was the entry of the judgment of guilty of second *800 degree murder and the imposition of the mandatory sentence of life imprisonment at hard labor, as ordered by the Supreme Court.
If this court were to allow this defendant a second appeal, then every time an appellate court applies the procedure outlined in Byrd, the defendant would automatically get a second bite of the apple under the same record already appealed. This is not the intention of Byrd.
For the above and foregoing reasons, defendant's appeal is dismissed.
APPEAL DISMISSED.