hGREMILLION, Judge.
The defendant, Don Louis Davis appeals his conviction and ten-year sentence for manslaughter. Defendant’s appeal to this court is improper; therefore, we will not address his assignments of error and his appeal is dismissed.
HISTORY OF THE CASE
We affirmed Defendant’s conviction and sentence for manslaughter on appeal in 1998. State v. Davis, an unpublished appeal bearing docket number 97-1250, 709 So.2d 1107 (La.App. 3 Cir. 3/6/98). Defendant filed an application for post-conviction relief contending that his attorney was ineffective during trial and on appeal. We remanded the case for an evidentiary hearing on these claims and for a determination of whether Defendant was entitled to a new appeal. State v. Davis, an unpublished writ bearing docket number 00-159 (La.App. 3 Cir. 7/27/00). An evidentiary hearing was held and the trial court found Defendant’s claim of ineffective assistance of counsel to be meritless. However, the trial court found that Defendant desired to have his claims of insufficient evidence to convict, excessive sentence, and failure to comply with the sentencing provisions of La.Code Crim.P. art. 894.1 reviewed on appeal and granted him an out-of-time appeal with regard to those three issues.
Defendant then filed a motion to enforce in this court upon which the following ruling was issued:
WRIT DENIED: A review of the record indicates that the trial court ruled Relator’s claim of ineffective assistance of counsel at trial was meritless. However, the lower court granted Relator an out-of-time appeal on September 21, 2000. After reviewing the records of this court, we note that the district court has not filed a notice of appeal or lodged the appellate record in this court and should do so without undue delay. Since Relator may appeal the conviction and sentence which he seeks to challenge and an appeal has actually been granted, this issue is |2not properly before this court. See La.Code Crim.P. art. 924.1. Accordingly, this writ application is denied.
State v. Davis, an unpublished writ bearing docket number 00-1667 (La.App. 3 Cir. 5/29/01).
The issue of whether the grant of the appeal was proper was not addressed in this writ application. Defendant’s out-of-time appeal was subsequently filed in this court and he is appealing the same conviction and sentence previously appealed and affirmed by us.
In State v. Bay, 567 So.2d 798 (La.App. 3 Cir.1990), unit denied, 572 So.2d 87 (La.1991), cert. denied, 501 U.S. 1236, 111 S.Ct. 2865, 115 L.Ed.2d 1032 (1991), we found a second appeal on the same record was improper. Specifically, this court stated:
[T]he defendant’s second degree murder conviction is based upon the same record and the same facts which were before the Louisiana Supreme Court in his original appeal. Defendant has already exercised his right to judicial review guaranteed by Article I, § 19 of the Louisiana Constitution of 1974. The only new action in the trial court was the entry of the judgment of guilty of second degree murder and the imposition of the mandatory sentence of life imprisonment at hard labor, as ordered by the Supreme Court.
If this court were to allow this defendant a second appeal, then every time an appellate court applies the procedure outlined in Byrd, the defendant would automatically get a second bite of the apple under the same record already *458 appealed. This is not the intention of Byrd.
For the above and foregoing reasons, defendant’s appeal is dismissed.
Id. at 799-800.[1]
For the reasons set forth in Bay, Defendant’s second appeal of his [.^manslaughter conviction and sentence is improper and the appeal is dismissed.
APPEAL DISMISSED.

. State v. Byrd, 385 So.2d 248 (La.1980), was cited as authority by this court for the supreme court’s action ordering the trial court to enter a judgment for the lesser included offense of second degree murder where the evidence did not support a conviction of first degree murder, but did support a conviction for second degree murder.