| .DOUCET, Chief Judge.
Defendant, Larry Dauzat, was indicted on May 14, 2002, for bribery of voters, a violation of La.R.S. 14:119. On June 11, 2002, Defendant entered a plea of not guilty. Thereafter, on August 5, 2002, Defendant waived his right to trial by jury. Trial was held the following day, August 6, 2002; and at the conclusion thereof, Defendant was found guilty of bribery of voters.
On September 24, 2002, Defendant filed a Motion for Post-Judgment Verdict of Acquittal and Alternatively Motion for New Trail. Both motions were denied. The Defendant was sentenced to two years in the custody of the Louisiana Department of Corrections and to pay a fine of one thousand dollars. The sentence of imprisonment was suspended and Defendant was placed on supervised probation for two years with special conditions.
A Motion and Order for Appeal was filed on September 26, 2002.

FACTS:

It is alleged that Defendant offered to give Eve Normand five dollars to influence her vote in the Marksville mayor’s election. According to the official records, maintained by the Secretary of State, the mayor’s race for the City of Marksville was held on April 6, 2002, between candidates John Ed Laborde and Richard Michel.
Eve Normand testified she was on the porch with her great grandson Shawn Lachney when Shawn told her someone was in the yard with signs. Ms. Normand had a Laborde sign in her yard and the Defendant took down the sign and put up a Dr. Michel sign. Ms. Normand then told Defendant to put her sign back up. Ms. Normand testified the Defendant then offered to pick her up on election day. Ms. | ¡Normand told the Defendant she did not need anyone to pick her up. The Defendant then put her sign back in her yard and left. Upon being asked whether the Defendant offered her any money, Ms. Normand stated the following:
Well, he just tell me, he said “If you want to come go on an acting ticket, Ms. Normand.”
[[Image here]]
He said “I’ll give you Five Dollars ($5).” He said “Dr. Michel will pay Five Dollars ($5).” “If you can’t, on election day I will pick you up and after you vote, I’ll give you your Five Dollars ($5).” I said “No, sir, I ain’t going. I don’t want your money.” And I said, “Just keep on going,” And I said “With the signs.”
Ms. Normand testified the Defendant did not tell her how to vote in exchange for the five dollars. However, Ms. Normand testified she knew the Defendant supported Dr. Michel.
The Defendant testified that he did not offer to pick Ms. Normand up on election day and he did not offer her any money.

ASSIGNMENTS OF ERROR NO. 1 AND NO. 2:

Defendant asserts the following assignments of error:
1) The State did not prove beyond a reasonable doubt nor did the State offer any evidence of an essential element of the offense of La.R.S. 14:119 bribery of voters, that Eve Normand was a registered voter.
*528 2) The State did not prove beyond a reasonable doubt that Larry Dauzat gave or offered to give, directly or indirectly, money to Eve Normand with the intent to influence her vote in the Marksville Mayoral Election in March 2002.
Inasmuch as these assignments of error address the elements of the offense of bribery of voters, they will be discussed together.
In State v. Lambert, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98); 720 So.2d 724, 726-27, this court stated as follows:
|3When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See King, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
Defendant was found guilty of bribery of voters. Bribery of voters is governed by La.R.S. 14:119, which provides, in pertinent part:
A. Bribery of voters is the giving or offering to give, directly or indirectly, any money, or anything of apparent present or prospective value to any voter at any general, primary, or special election, or at any convention of a recognized political party, with the intent to influence the voter in the casting of his ballot.
The acceptance of, or the offer to accept, directly or indirectly, any money, or anything of apparent present or prospective value, by any such voters under such circumstances shall also constitute bribery of voters.
Thus, in order to convict the Defendant of bribery of voters, the State must prove: 1) the Defendant gave or offered to give, directly or indirectly, money or anything of apparent, present, or prospective value; 2) to any voter; 3) that the proscribed conduct occurred at any general, primary, or special election, or at any convention of a recognized political party; and 4) the Defendant had the intent to influence the voter in the casting of his ballot. La.R.S. 14:119.
Defendant contends the State did not prove Eve Normand was a registered voter.
“Bribery of voters is the giving or offering to give, directly or indirectly, any money, or anything of apparent present or prospective value to any voter.” La.R.S. 1414:119 (emphasis ours).
We note that La.R.S. 14:119 does not define the term voter. Accordingly, the court must determine what is meant by the term voter in that statute.
La.R.S. 14:3 provides, in pertinent part:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of *529 their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
Blacks Law Dictionary defines a voter as a person who engages in the act of voting; a person who has the qualifications necessary for voting. Blacks Law Dictionary at 1571 (7th edition 1999).
“Black’s Law Dictionary further defines an elector as: ‘A duly qualified voter; one who has a vote in the choice of any officer, a constituent.’ Thus, an elector is a person duly qualified to vote, regardless of whether he has exercised his right to vote or not.” Gossen v. Registrar of Voters, Parish of Acadia, 59 So.2d 461, 463 (La.App. 1 Cir.1952).
In La.Atty. Gen. Op. No. 92-633, an assistant district attorney for St. Tammany Parish sought an opinion regarding the appointment of commissioners by the Parish Police Jury to Hospital Service District No. 2 of St. Tammany Parish. The Act creating the District provided for appointment of two commissioners by the Parish Police Jury and stated the commissioners “shall have been residents and electors of the ward from which they are appointed for one year prior thereto.” The following question was asked: “Does the term ‘elector’ mean a registered voter or does it mean one who is otherwise qualified to vote but has not changed his voter registration?” The Attorney General’s opinion set out the definition of “elector” quoting Gossen, 59 So.2d 461, and concluded:
[A]n elector means a registered voter. LSA-R.S. 18:101(A) provides for the qualifications to register to vote, which include being a citizen of Louisiana, 18 years of age, actual bona fide resident of the state, parish, municipality and precinct in which he offers to register as a voter, and not disfranchised. If a person is qualified to vote, but is not registered, then he can not be considered an elector of the ward for purposes of appointment to the office of commissioner. If said person has not changed his voter registration to his proper ward, he must do so one year prior to being qualified to be appointed to the office of commissioner.

Id.

Thus, we note that the terms voter and elector are synonymous. A voter is one who engages in the act of voting or one who has a vote. In order to vote, one must be registered to vote. Accordingly, a voter is one who is registered to vote. In order to register to vote one must meet the qualifications set out in La.R.S. 18:101.
In order to register to vote, a person must satisfy the following qualifications:
1) be a citizen of Louisiana;
2) at least eighteen years of age or will attain that age on or before the next election;
3) an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter; and
4) is not disfranchised.
La.R.S. 18:101. Voter registration remains in effect as long as it is not canceled for cause. La.R.S. 18:191. However, a registered voter may not necessarily be a qualified voter. A voter’s qualifications can be challenged pursuant to La.R.S. 18:193 or La.R.S. 18:565. See Dumas v. Jetson, 462 So.2d 266, 270 (La.App. 1 Cir.1984).
On cross examination, the following exchange took place:
Q: Ms. Normand, you didn’t even vote; did you?
IrA: No, I was sick. Nobody could make me go. And listen, let me tell you. I had to walk, and it was a very hot sun. *530 And I didn’t have nobody to bring me. All my children was working, and I had a headache. And I have the headache often, so I wouldn’t go in the sun for nobody. After (UNINTELLIGIBLE) I had to say, and I knew I had to come to Court, I would talk. And thank God I don’t have the headache today, so I’m all right.
The record establishes that no evidence was presented with regard to whether Ms. Normand was registered to vote and/or that she was qualified to vote in the Marksville mayoral election. Accordingly, the State has not met its burden of proving Ms. Normand was a voter, one of the essential elements of the crime charged.
When evidence does not support a conviction, discharge of the defendant is neither necessary nor proper if the evidence supports a conviction for a lesser included offense; rather, the proper procedure is for the court to remand the case for entry of a judgment of guilty of a lesser included offense which is a legislatively authorized responsive verdict.
State v. Bay, 529 So.2d 845, 846 (La.1988), appeal after remand, 567 So.2d 798 (La.App. 3 Cir.1990), writ denied, 572 So.2d 87 (La.1991).
Attempted bribery of voters is a lesser included offense to the charge of bribery of voters. See La.Code.Crim.P. art. 815.
La.R.S. 14:27 provides, in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt....
“A conviction of an attempted offense must rest upon the sufficient proof that the offender actually desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the | .¡.purpose and tending directly toward the accomplishing of his object.” State v. Voorhies, 590 So.2d 776, 778 (La.App. 3 Cir.1991).
In State v. Kohl, 524 So.2d 781 (La.App. 3 Cir.1988), a defendant challenged the introduction of other crimes evidence. During trial the defendant was questioned regarding his paying an investigator to have charges against him dropped. This court concluded that although the defendant admitted paying money to the investigator, it did not appear to be evidence of bribery or attempted bribery. The court stated: “The reason that it is not bribery or attempted bribery is that the person whom the money was paid, Mr. Fountain, does not fit any of the categories of persons enumerated in La.R.S. 14:118.” Id. at 786.
As discussed earlier, sufficient evidence was not presented to prove Eve Normand was a voter. Thus, its was not proven that she belonged to the category of persons the statute prohibits one from bribing. Accordingly, the elements of attempted bribery of voters cannot be met.

DISPOSITION:

The Defendant’s conviction and sentence are reversed and set aside. It is ordered that an acquittal be entered on the record.
CONVICTION REVERSED AND SET ASIDE; APPELLANT ACQUITTED.