STATE OF LOUISIANA          *          NO. 2021-KA-0427

VERSUS                      *

                                       COURT OF APPEAL
CHAD LIGHTFOOT              *

                                       FOURTH CIRCUIT
                            *

                                       STATE OF LOUISIANA
                  * * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 531-337, SECTION "L"
Judge Angel Harris,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Pro
Tempore James F. McKay III)


Bruce G. Whittaker
LOUISIANA APPELLATE PROJECT
1215 Prytania Street, Suite 332
New Orleans, LA 70130-4357

        COUNSEL FOR DEFENDANT/APPELLANT, CHAD LIGHTFOOT

Chad Lightfoot, 301162
FRANKLIN PARISH DETENTION CENTER
388 Natures Acres Road
Winsboro, LA 71295

        DEFENDANT/APPELLANT PRO SE


        **MULTIPLE OFFENDER ADJUDICATION AND SENTENCE
        AFFIRMED; MOTION TO WITHDRAW GRANTED**

                                       **SEPTEMBER 28, 2022**

*TFL*

*DNA*

*JFM*

This is the second appeal of Defendant, Chad Lightfoot, arising out of his convictions for one count each of monetary instrument abuse, forgery, bank fraud, and fraudulent acquisition of a credit card and the five-year concurrent sentences imposed. In the initial appeal, this Court affirmed Defendant's convictions and his original sentences.[1]

The case *sub judice* involves Defendant's appeal of his multiple bill adjudication and the enhanced sentence imposed as a double offender. The trial court vacated Defendant's original sentence of five years in connection with his bank fraud conviction and resentenced Defendant to seven and one-half years imprisonment to run concurrently with the five-year sentences imposed on the other convictions.

In his counseled assignment of error, Defendant's Appellate Counsel attests that his review of pertinent records revealed no non-frivolous issues to raise on appeal and moves to withdraw as counsel. Defendant's supplemental *pro se* brief raises assignments of error related to his multiple offender adjudication and

---

[1] *See State v. Lightfoot,* 2018-0336 (La. App. 4 Cir. 12/12/18), 318 So.3d 1033, *writ denied,* 2019-0055 (La. 5/28/19), 273 So.3d 313.

1

resentencing, as well as other errors associated with his underlying trial on the merits and convictions.[2]

Upon our review of the record and the applicable law, Defendant's assignments of error lack merit. Accordingly, we affirm Defendant's multiple offender adjudication and sentence and grant Appellate Counsel's motion to withdraw.

## FACTUAL AND PROCEDURAL HISTORY

Defendant was arrested and charged with one count of monetary instrument abuse, one count of forgery, one count of bank fraud, and one count of fraudulent acquisition of a credit card. After a jury trial, he was convicted on all counts.[3] Defendant was sentenced on each count to five years at hard labor to run concurrently, with credit for time served. Defendant appealed his convictions and sentences.

On the day of his sentencing, the State filed a multiple bill against Defendant based on a previous 1991 armed robbery conviction. In response, Defendant filed a Motion to Quash Multiple Bill of Information and a Notice of Objections to Multiple Bill. After hearings on the multiple bill, the trial court denied the Motion

---

[2] The State did not file an appellee brief.

[3] Relevant facts taken from Defendant's first appeal in *Lightfoot*, 2018-0336, pp. 1-3, 318 So.3d at 1036-1038, established that Defendant presented a Louisiana identification card which displayed his picture, but bore the name of John Hawkins ("Hawkins"), to the Greater New Orleans Federal Credit Union ("Credit Union") to open a checking account. Danielle Williams, a ten-year employee of the Credit Union, who was responsible for opening new accounts and loan processing, testified that Defendant deposited cash and a $9.00 check from the Louisiana Department of Revenue, payable to Hawkins, to open the account. Defendant also applied for a credit card, with a $2,000.00 limit, in the name of Hawkins. Ms. Williams identified video surveillance footage from the day of the event and positively identified Defendant as the person who represented himself as Hawkins. An administrator of the Credit Union testified that she noticed a photograph Defendant had taken in another transaction and discovered that the photographs of Lightfoot and Hawkins were the same. All employees of the Credit Union testified that there was never any indication that Defendant was opening an account for anyone other than himself.

to Quash and Notice of Objections and adjudicated Defendant a multiple offender. The trial court vacated the initial sentences and resentenced Defendant on the multiple bill to seven and one-half years at hard labor, to run concurrently with the sentences imposed on the other convictions. The trial court denied Defendant's motion to reconsider sentence and granted Defendant's motion for appeal of the multiple bill adjudication and sentence.

Subsequent to the order granting Defendant's motion for appeal, this Court affirmed Defendant's convictions and sentences as set forth in his original appeal.[4] Accordingly, the present appeal seeks review solely of Defendant's multiple offender adjudication and sentence.

## ERRORS PATENT

Pursuant to La. C.Cr.P. art. 920[5] and at the request of Appellate Counsel, as discussed below, we have reviewed the record for errors patent and have found none.

## DISCUSSION

### Appellate Counsel's Anders Brief/Motion to Withdraw

Appellate Counsel filed a motion to withdraw, along with a brief, in conformity with the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *State v. Jyles,* 1996-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), and *State v. Benjamin,* 573 So.2d 528 (La. App. 4th Cir.

---

[4] *See* fn. 1.

[5] La. C.Cr.P. art. 920 provides the following:

> The following matters and no others shall be considered on appeal:
>
> (1) An error designated in the assignment of errors; and
>
> (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

1990), that allow appointed counsel to request permission to withdraw if counsel finds the case to be wholly frivolous after a conscientious examination. Here, Appellate Counsel avers that after a conscientious and thorough review of the trial record, he finds no non-frivolous issues to raise on appeal.

In *State v. Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that counsel's *Anders* brief in support of a motion to withdraw need not tediously address every meritless pre-trial motion or objection made at trial with a labored explanation as to why the motions or objections lack merit. Instead, the *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

In the present matter, Appellate Counsel's review of the trial record considered Defendant's motions and objections to his multiple offender adjudication and sentencing raised at the trial level. This review included Defendant's motion to quash the multiple bill of information on the basis of timeliness and Defendant's contention that the cleansing period had not run following his 1991 armed robbery conviction—the conviction which served as the predicate offense for his multiple offender adjudication. Appellate Counsel evaluated Defendant's claim that the 1991 armed robbery conviction and sentence could not serve as the predicate offense for his multiple offender adjudication. Appellate Counsel referenced Defendant's arguments that he was not informed of the maximum penalty he faced; that the State failed to prove his identity; and the State did not show that he was properly advised of his rights in accord with *Boykin*

4

*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274(1969), highlighting Defendant's allegations that he was not advised of his right to a free appeal and his right to have an attorney to represent him on appeal. Appellate Counsel also reviewed Defendant's argument that Defendant's multiple offender sentence of seven and one-half years imprisonment was excessive. Upon casting an "advocate's eye over the trial record" and considering whether any trial court ruling adversely impacted Defendant, Appellate Counsel's analysis of Defendant's motions and objections found no non-frivolous issue to raise on appeal.

Based on the foregoing, Appellate Counsel has complied with the prerequisites of *Anders* and *State v. Jyles* to withdraw as counsel. Nevertheless, in accord with *State v. Benjamin*, 573 So.2d at 531, appointed counsel's motion to withdraw "will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf." Here, Defendant has availed himself of the opportunity to file a supplemental brief on his own behalf. Thus, pursuant to *State v. Benjamin*, before this Court formally acts on Appellate Counsel's motion to withdraw, we shall review the record and Defendant's *pro se* assignments of error.

### *Pro Se Assignments of Error*

#### *Pro Se* Assigned Error No. 1

Defendant contends in his first *pro se* assigned error that the trial court failed to properly advise Defendant of his rights prior to the multiple bill hearing, a violation of La. R.S. 15:529.1D(1)(a). Defendant asserts that the "trial court did not inform [him] of the allegations contained in the multiple bill of information, nor did the trial court inform [him] of his right to be tried as to the truth of the

5

allegations of his prior convictions;" and moreover, Defendant was not given the required fifteen days to file particular objections to the bill of information.

La. R.S. 15:529.1D(1)(a) provides in pertinent part:

> If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b) of this Paragraph.

In support of his arguments, Defendant cites *State v. Burge,* 506 So.2d 759 (La. App. 1 Cir. 1987) and *State v. Vincent,* 439 So.2d 1124 (La. App. 4 Cir. 1983). In both *Burge* and *Vincent,* the defendants admitted that they had been previously convicted, consequently, the State was not required to conduct substantive hearings to prove the habitual offender allegations. Under those circumstances, the provisions of La. R.S. 15:529.1D(1)(a) require the sentencing court to inform the respective defendants of the allegations contained in the bills of information and of their rights to be tried as to the truth thereof and require the offenders to say whether the allegations are true. However, closer review of *Burge* and *Vincent* reflects those cases are distinguishable from the matter at hand. Here, Defendant did not admit to the previous conviction. The hearing colloquy from the multiple bill hearing revealed that the State attempted to negotiate a plea agreement. Defense counsel expressly represented that Defendant was not

interested in any plea negotiations. As such, the State had to prove that Defendant was in fact the same person convicted for the 1991 armed robbery predicate offense.

In support of the multiple bill, the State called New Orleans Police Officer Kevin Bell. The trial court qualified Officer Bell as an expert in identification of latent prints. The State introduced into evidence the following documentation: a certified conviction record from St. Mary Parish reflecting Defendant's 1991 conviction for armed robbery and sentence of imprisonment for a term of twenty-two years; a penitentiary pack or "pen pack" concerning the sentence that was imposed and served by Defendant; and Defendant's plea of guilty and sentencing in the St. Mary Parish case. Following the introduction of this evidence, Officer Bell compared the fingerprints taken of Defendant on the day of the multiple offender hearing with the fingerprints of the person convicted in 1991 of armed robbery. Officer Bell testified that the fingerprints were "one and the same, that of Mr. Lightfoot."

Louisiana jurisprudence provides that where the defendant does not admit to his prior conviction and the State proves the habitual offender allegations and the defendant's identity, a trial court's failure to comply with the requirements of La. R.S. 15:529.1D(1)(a) is considered harmless error. *See State v. Brady,* 2010-1252 (La. App. 1 Cir. 2/11/11), --- So.3d ---, 2011 WL 2135452, at *2, *writ denied,* 2011-0525 (La. 9/30/11), 71 So.3d 282. The *Brady* Court espoused the following:

> [I]f defendant was not specifically advised of [his rights under La. R.S. 15:529.1D(1)(a)], any such error was harmless, because defendant did not plead guilty or stipulate to the charges in the habitual offender bill. Instead, a habitual offender hearing actually was conducted, at which defendant was represented by counsel and did not testify. Moreover, the state presented evidence at the hearing to establish the habitual offender allegations and defendant's identity.

7

*Id.* *See also State v. Goosby,* 47,772, pp. 21-22 (La. App. 2 Cir. 3/6/13), 111 So.3d 494, 507 (trial court's failure to strictly comply with the provisions of La. R.S. 15:529.1D(1)(a) "is not considered reversible error where the defendant's habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant."). Here, the Sate offered competent evidence to prove Defendant's multiple offender status. Hence, we find that any trial court error associated with the alleged failure to inform Defendant of the precise allegations in the multiple bill of information amounts to harmless error.

Likewise, we find no violation of the provisions of La. R.S. 15:529.1D(1)(a) relative to Defendant's claim that he was not given fifteen days to file particular objections to the veracity of the information regarding his predicate offense. The record herein contains no express evidence that Defendant, upon receiving evidence of his prior 1991 armed robbery conviction, denied the veracity of the evidence. Particularly, we note that in Defendant's motion to quash, defense counsel did not object to the existence of Defendant's armed robbery conviction; instead, defense counsel questioned whether Defendant was properly "Boykinized" in connection with that conviction. Accordingly, Defendant's claims that his sentence as a second felony offender should be vacated and remanded to the trial court for resentencing premised on alleged violations of La. R.S. 15:529.1D(1)(a) are without merit.

*Pro Se* Assigned Errors Number 2 and 3

In assigned *pro se* errors numbers 2 and 3, Defendant complains that the trial court erred in failing to apply "proper credibility" to the facts produced at trial

and/or erred in failing to grant Defendant's motion for a downward departure or reconsideration of his sentence.

In support of his claim that the trial court did not properly accredit the evidence introduced at trial, Defendant references trial testimony which he contends shows that he did nothing wrong and should not have been found guilty. However, Defendant challenged his convictions in his original appeal, arguing, *inter alia*, that there was insufficient evidence to sustain the convictions. This Court discussed each of the convictions separately, going through the elements of each of the crimes charged, and found the evidence sufficiently established Defendant's guilt. *See Lightfoot,* 2018-0336, pp. 4-8, 318 So.3d at 1038-1040. La. C.Cr.P. art. 930.4(A) provides that "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered." Defendant's contentions that the evidence was improperly accredited and was insufficient to convict have been fully litigated on appeal and rejected. Accordingly, Defendant's *pro se* assigned error number 2 lacks merit.

Defendant argues in *pro se* assigned error number 3 that the enhancement of his original five-year bank fraud sentence to seven and one-half years based upon his multiple offender adjudication constituted excessive punishment. Defendant complains that the trial court, in sentencing him to seven and one-half years, failed to consider the consequences such a sentence would have on his family. In particular, Defendant cited his sister, to whom he had planned to donate a kidney. However, our appellate review of the pertinent transcript reflects that the trial court considered Defendant's arguments that hardship to Defendant's family could result from his incarceration. However, balanced against that hardship was the trial

court's finding, after presiding over Defendant's trial and listening to all of the testimony, that Defendant, if not incarcerated, would "commit another crime." In imposing Defendant's sentence, the trial court also reasoned "that a more significant crime was aborted when the authorities were getting close in this case."

Under the provisions of La. R.S. 14:71.1, a conviction for bank fraud provides for a sentence of up to ten years. Defendant was originally sentenced to only half that amount, five years. Once it was proven that Defendant had a prior conviction for the violent crime of armed robbery, Defendant faced a maximum sentence of twenty years under the provisions of La. R.S. 15:529.1A(1).[6] Nevertheless, notwithstanding Defendant's prior conviction of a violent crime, armed robbery, the trial court increased the original sentence by only two and a half years.

A trial court has broad discretion in imposing a sentence within statutory limits and, as such, "a reviewing court can only set it aside if it is clearly excessive, rather than because another sentence might have been appropriate." *State v. Trepagnier,* 1997-2427, pp. 10-11 (La. App. 4 Cir. 9/15/99), 744 So.2d 181, 189 (citing *State v. Cook,* 1995-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)). A reviewing

---

[6] La. R.S. 15:529.1A(1) provides:

    A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

        (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

court considers only whether the trial court abused its broad discretion. *State v. Williams,* 2003-3514, pp. 16-17 (La. 12/13/04), 893 So.2d 7, 14 (citation omitted).

The sentence imposed herein was well was within the statutory guidelines and much lower than the maximum sentence of twenty years. Hence, the trial court did not abuse its broad discretion in sentencing Defendant, as a second felony offender, to seven and one-half years imprisonment. We find no merit to this error.

*Pro Se* Assignment of Errors Numbers 4-11

Defendant's *pro se* assigned errors numbers 4-11 delineate claims unrelated to his multiple offender adjudication and sentence as a second felony offender, the only errors at issue in this appeal.[7] Defendant's request for review of assigned errors numbers 4-11 seeks a proverbial "second bite of the apple" in that these errors, which relate to Defendant's underlying convictions and original sentences, were previously reviewed. Defendant is not entitled to a second review. *See State v. Davis,* 2002-0197, pp. 2-3 (La. App. 3 Cir. 6/5/02), 819 So.2d 456, 457-458 (an appeal on a record already reviewed in connection with the defendant's original appeal was improper). In Defendant's original appeal, not only did counsel raise nine claims for relief, Defendant, as this Court specifically recognized and addressed, "filed a brief in proper person … assigning several assignments of error." *Lightfoot,* 2018-0336, p. 1, n.1, 318 So.3d at 1036, n.1.

Defendant's challenges to his original convictions and sentences are not the subject matter of the instant appeal. In this matter, Defendant has been allowed to

---

[7] In *pro se* assigned errors numbers 4-11, Defendant maintains the trial court erred in granting the State's *motion in limine* relative to defense witness, John F. Hawkins; denying Defendant's motion for post-judgment motion of acquittal regarding his forgery charge; denying Defendant's motion for post-judgment motion of acquittal on the monetary instrument abuse charge; denying Defendant's motion for mistrial; denying Defendant's right to a fair and public trial; denying Defendant's right to counsel at the recusal stage of the proceedings; basing Defendant's conviction on the presumption of vindictiveness; and denying Defendant the right to a fair trial based on prosecutor misconduct.

file a second appeal only with respect to his multiple offender adjudication and sentence. As such, this Court shall not review assigned errors concerning issues unrelated to Defendant's multiple offender adjudication and sentencing as a second felony offender.

## DECREE

For the foregoing reasons, we find Appellate Counsel complied with *Anders, Jyles*, and *Benjamin*, *infra*. The record contains no non-frivolous issues that support an appeal. Defendant's *pro se* assignments of error lack merit. Accordingly, we affirm Defendant's multiple offender adjudication and sentence as a second felony offender. We also grant Appellate Counsel's motion to withdraw.

**MULTIPLE OFFENDER ADJUDICATION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED**